## Wattson *et al. versus* The Chester and Delaware River Railroad Co.

1. Sect. 23 of art. 3 (change of venue) of the new Constitution did not become immediately operative by the adoption of the Constitution.

2. Under the second section of the schedule, laws existing at the time of its adoption are preserved, whenever legislation is necessary in order to carry the provisions of the Constitution into effect.

3. The power of changing the venue is not inherent in our county courts, as it is in those of a larger jurisdiction, but was conferred upon them by statute.

January 11th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1875, No. 199.

Debt by Thomas B. Wattson and another against the Chester and Delaware River Railroad Co., to recover the amount due for land taken and occupied by the company for railroad purposes. The action was originally brought in Delaware county and was removed to Philadelphia county by the plaintiffs in September 1874, under the Acts of 14th April 1834 (Pamph. L. 395), and 28th April 1870 (Pamph. L. 1292). The *narr.*, which was filed in Philadelphia county, set forth as a cause of action the taking by the defendant of the plaintiffs' land in Chester county for railroad purposes. The plea set forth that the cause of action, if any, arose in Chester county, and therefore the Common Pleas of Philadelphia had no jurisdiction. The plaintiffs demurred to the plea on the ground that it showed no reason why the jurisdiction should be ousted.

Article 3 of the new Constitution provides thus :—

" Sect. 7. The General Assembly shall not pass any local or special law * * * changing the venue in civil or criminal cases.

" Sect. 23. The power to change the venue in civil and criminal

[Wattson *v.* Chester & Delaware River Railroad Co.]

cases shall be vested in the courts, to be exercised in such manner as shall be provided by law."

The court below, Ludlow, P. J., in entering judgment for the defendant on the demurrer, said:—

" The change thus wrought (by sects. 7 and 23, article 3 of the new Constitution) is a radical one; the power itself, which had been legislative, now becomes judicial, hence any legislation now upon the statute book is based upon a principle at war with the plain letter and spirit of the new Constitution.

" The thing aimed at by the new Constitution was the existence of legislative power over the subject; the method by which the power may be exercised remains with the legislative branch of the government, but the power itself is transferred to the judiciary. On the first day of January 1874, the present Constitution took effect, and upon that day to change the venue in any civil or criminal case became an inherent part of judicial and not legislative power.

" It is impossible to understand how the old and the new system can stand together; if the one lives the other must die. Cases may arise wherein the old statute and the new Constitution may be made to harmonize; but this is not one of them, for it relates to the existence of the power itself. It was argued that the legislature had not yet designated the method by which the courts could act; in some cases that argument might have weight. There are, however, no legal reasons, and no reasons of public policy, which will permit the courts to strain the construction of this section in the new Constitution, and thus mould the organic law of the state."

The plaintiffs then took this writ of error, assigning for error the entry of judgment for the defendant on the demurrer.

*A. S. Biddle* and *R. C. McMurtrie*, for the plaintiffs in error.— Under the new Constitution the power to change the venue is to be exercised by the courts, and the legislature shall say how it shall be done, being careful in so doing not to pass any special or local laws.

Until actually repealed, the existing legislation on this subject was not intended to be done away with by the new Constitution: Sheppard *v.* Collis. 1 Weekly Notes 494.

*T. Hart, Jr.,* and *J. E. Gowen,* for the defendant in error.— Before the Act of 1834, a change of venue could have been obtained only by judicial action. The new Constitution was a return to this practice, and vests the power of changing the venue in the courts.

The Acts of 1834 and 1870 are directly opposed to the exercise of this power by the court. Under the former, the removal of a cause, and even the court to which it was to be removed, was under the control of the party who filed the affidavit. The Act of 1870 only gave the court the power to appoint the court to which the

[Wattson *v.* Chester & Delaware River Railroad Co.]

cause should be removed. These acts certainly do not vest the power to change the venue in the courts.

The Constitution operated as an immediate grant of power to the judiciary. It is clear that the legislature could not hereafter pass such acts as those of 1834 and 1870; therefore these were repealed.

The power to change the venue may be dormant, or the court may prescribe rules for its exercise till the legislature pass a law on the subject. In Sheppard *v.* Collis, *supra*, the provision in the Constitution was very different, and plainly depended for its operation upon future legislation. So in Lehigh Iron Co. *v.* Supervisors, &c., 3 Weekly Notes 29, legislation was held to be indispensable to carry out the provisions of the Constitution.

Those cases do not affect the case at bar; there it was simply a case of the repeal of existing laws, by the making of new ones by the legislature; here it is the transfer of the control of the subject from one branch of the government to another. The existing acts are utterly inconsistent with the new Constitution, and were therefore repealed by it.

Chief Justice AGNEW delivered the opinion of the court, January 22d 1877.

The provision of the new Constitution contained in section 23d of article 3, that "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law," was not immediately operative, *eo instante* the Constitution was adopted, so as to defeat existing laws. By the second section of the schedule, "All laws in force in this Commonwealth at the time of the adoption of this Constitution, not inconsistent therewith, and all rights, actions, prosecutions and contracts shall continue as if this Constitution had not been adopted." The effect of this saving section, intended to bridge over the chasm between the two frames of government, and make the transition from one to the other easy and without unnatural disturbances of the affairs of the people, it has been held by us, is to preserve the laws in existence, whenever legislation is necessary to carry the provisions of the new Constitution into proper effect. If the effect were held to be immediate, the consequence would be, that there would be no law whatever to regulate the power; for in this case the power of the court to change the venue is "to be exercised in such manner as shall be provided by law." Until the manner of its exercise is prescribed by a suitable law, it is evident the court can have no guide as to the cases, the grounds, or the mode of making the change. The power of changing the venue is not inherent in our county courts, as it is in those whose jurisdiction extends over greater areas. It is a matter of jurisdiction which is confined to the county by the very constitution of these courts.

[Wattson *v.* Chester & Delaware River Railroad Co.]

Without a grant of the power, they cannot transfer their jurisdiction from one to another. If the power to transfer were inherent, the court receiving by transfer could hand the case over to another, and the latter to the next, and so on, *toties quoties*. We think the court below erred in giving judgment for the defendant upon the demurrer. The case was governed by the laws existing when the Constitution was adopted.

> Judgment reversed, and judgment for the plaintiffs is now given, and record ordered to be remitted with a *procedendo*.