# Willoughby *v.* Buffalo, Rochester & Pittsburg Railway Company, Appellant.

| 203 | 243 |
| f203 | 249 |
| 203 | 243 |
| f214 | ³602 |
| 203 | 243 |
| 215 | ²232 |

*Practice, C. P.—Trial—Change of venue.*

In applications for a change of venue the court below should find and clearly state the facts disclosed by the pleadings and the testimony presented.　It should also keep in view and note the distinction between applications made under the different sections of the Act of March 30, 1875, P. L. 35.

Where a petition for a change of venue alleges that a large number of the inhabitants of the county have an interest in the question involved in the action adverse to the applicant, and this is supplemented by the oath of the applicant that " he verily believes that local prejudice exists, and that a fair trial cannot be had in the county," and the evidence is sufficient to support these averments, the applicant is entitled of right to a change of venue, and the court is not called upon to exercise its discretion, nor to determine whether the applicant could have a fair and impartial trial in the county where the cause is pending.

While the 3d section of the act of March 30, 1875, relating to change of venue, authorizes the court to hear the parties by affidavits, the 2d section does not designate the manner in which the evidence is to be presented for consideration.　The better practice is for the court to hear the witnesses produced by the parties, or for the testimony to be taken on a rule before competent authority, with notice to the opposite party.　In either way the witnesses will be subject to cross-examination, and their knowledge of the facts can be more fully and definitely ascertained.

Argued May 7, 1902.　Appeal, No. 105, Jan. T., 1902, by defendant, from order of C. P. McKean Co., June T., 1901, No. 317,

refusing a change of venue in case of W. W. Willoughby et al. v. Buffalo, Rochester & Pittsburg Railway Company. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Rule for change of venue.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court discharging the rule.

*John G. Johnson*, with him *J. W. Bouton* and *C. H. McCauley*, for appellant.—The affidavits in support of the petition averred positively the fact of an adverse interest in a large number of inhabitants of the county. The opposing affidavits almost admitted the fact of an interest by a large number of persons, but denied the assertions that a fair and impartial trial could not be had.

We, therefore, submit that upon the question of fact, whether or not a large number of inhabitants of the county had an adverse interest, there was practically uncontradicted testimony in the sworn petition for change, and in 134 affidavits.

Under these circumstances, the learned judge should have decided that a large number of the inhabitants did have an adverse interest. In failing to decide the question, he denied a right without determining the real question involved, although the statute made it his duty so to determine: Newlin's Petition, 123 Pa. 541; Felts v. Delaware, etc., R. R. Co., 160 Pa. 503; Phila. v. Ridge Ave. Pass. Ry. Co., 143 Pa. 444.

*George A. Berry*, with him *W. E. Burdick* and *Robert L. Edgett*, for appellees, cited: Phila. v. Ridge Ave. Pass. Ry. Co., 143 Pa. 444; Felts v. Delaware, etc., R. R. Co., 160 Pa. 503; Jessop v. Ivory, 172 Pa. 44.

Opinion by Mr. Justice Mestrezat, June 4, 1902:

This is an action of trespass to recover damages for the alleged negligence of the defendant company in setting fire to, burning and destroying certain personal property and injuring standing timber upon the lands of the plaintiffs. A plea was

entered and the case was put at issue on September 3, 1901. On January 2, 1902, the defendant presented its petition to the court below and obtained a rule on the plaintiffs to show cause why a change of venue should not be awarded. Subsequently the defendant filed an amended petition which, like the original petition, was verified by an affidavit in which it was stated that the petitioner " verily believes that local prejudice exists and that a fair trial cannot be had in the county of McKean." The reasons assigned for the change of venue are stated as follows :

1. That there was, and is, directly affected by the said fires which occurred on May 8, 1900, a large number of men, citizens and inhabitants of the said county of McKean, who are interested as owners or part owners of the property destroyed, and who are employed in and about the business connected with said property.

2. That a large number of the inhabitants of the said county of McKean, in which the above entitled cause is pending, have an interest in the question involved therein, adverse to your petitioner, and that a fair and impartial trial cannot be had in the county in which the cause is pending.

3. That a large number of the inhabitants of McKean county are prejudiced against your petitioner or applicant, so that a fair and impartial trial cannot be had in said county.

The plaintiffs filed an answer admitting many of the allegations in the defendant's petition and containing the following :

1. It is true that there are directly affected by the said fire, which occurred on May 8, 1900, a number of men, citizens and inhabitants of this county, who are interested as owners and employees, in oil operations in said county, but this plaintiff denies that the said number is large, and asserts the fact to be that all, or nearly all of the same, are engaged and employed in and about the same capacities as before the said fire ; and this plaintiff further denies that the said parties are in any way interested in the result of this action.

2. He denies that a large number of the inhabitants of the said county of McKean have an interest in the question involved, and denies that a fair and impartial trial cannot be had in the county in which said cause is now pending.

The hearing was had on affidavits submitted by the parties in support of and against the application. The court below discharged the rule for a change of venue and dismissed the petition upon which it was granted. The defendant appeals.

Article 3, section 23, of the present constitution, invests the courts with power to change the venue in civil and criminal cases in the manner provided by law. The act of March 30, 1875, passed to carry into effect the constitutional provision, declares in its 1st section, inter alia, as follows: " Changes of venue shall be made in any civil cause in law or equity depending in any of the courts of this commonwealth, in the cases following, to wit: . . . . V. Whenever a large number of the inhabitants of the county in which such cause is pending, have an interest in the question involved therein, adverse to the applicant, and it shall appear, by the oath of such applicant, that he believes he cannot have a fair and impartial trial." The 2d section of the act requires the application to be made by petition " setting forth the cause of the application, which shall be accompanied by his (the appellant's) affidavit of the truth of the facts alleged therein," and " the said court or judge shall, if satisfied of the truth of the facts alleged, award a change of venue of the said cause."

The 3d section of the act of 1875, provides, inter alia, as follows: " Changes of venue may be made in any civil cause in law or equity depending in any of the courts of this commonwealth, in the cases following, to wit: 1. Whenever it shall appear . . . . that they (inhabitants of the said county) are prejudiced against the applicant, so that a fair and impartial trial cannot be had." It is further provided in the section that the court, after hearing the parties, " may refuse or award such change of venue as in its discretion it shall see fit."

It will be observed that where the facts bring an application within the 1st and 2d sections of the act the duty of the court is mandatory, and where they come within the provisions of the 3d section, its duty is discretionary. But in the former class of cases, under the 1st and 2d sections of the act, the " change of venue shall be made " whenever the necessary facts are found to exist.

The reasons assigned in the petition for a change of venue bring the application within both classes of cases. The first

and second reasons are within the first two sections and the third reason is within the first paragraph of the 3d section of the act of March 30, 1875. The learned counsel for the appellant, however, now rely upon the 1st and 2d sections of the act and contend that the facts disclosed by the petition, supported by the affidavits presented to the court, bring their application within paragraph five of the 1st section of the act and entitle the defendant company to a change of venue.

In applications for a change of venue the court below should find and clearly state the facts disclosed by the pleadings and the testimony presented. It should also keep in view and note the distinction between applications made under the different sections of the act. The failure to observe this distinction and to find the facts from the evidence presented for the court's consideration led the learned trial judge into error. It is true he says in his opinion that he is not convinced that a large number of the inhabitants of the county have an interest in the questions involved, adverse to the appellant, but he follows it with language that clearly indicates that he thought his only duty on the facts presented was " a just and fair exercise of the judicial discretion vested in the court by the act of 1875." The 2d section of the act requires the court to be " satisfied of the truth of the facts alleged " in the petition. Here the petition alleges that a large number of the inhabitants of McKean county have an interest in the question involved in the action, adverse to the applicant. This is supplemented by the oath of the applicant that " he verily believes that local prejudice exists, and that a fair trial cannot be had in the county of McKean." If the evidence was sufficient, the question of fact alleged in the petition should have been found by the trial judge, and when found, it was the duty of the court to award a change of venue. In such cases, the court is not called upon to exercise its discretion, but the change of venue " shall be made " if the court, from the evidence presented, " is satisfied of the truth of the facts alleged " in the petition. Nor was it the duty of the court to determine whether the applicant could have a fair and impartial trial in the county where the cause was pending. That is not a prerequisite to the right of the applicant to have a change of venue under the fifth paragraph of the 1st section of the act. All that paragraph requires in

this respect is that it shall appear by the oath of the applicant that he believes he cannot have a fair trial. This, as we have seen, appears by the affidavit attached to the petition. The act requires reasonable notice of the application to be given to the opposite party. If the allegations of the petition are denied, a hearing must be given the parties on which the burden is on the applicant to satisfy the court of the truth of the averments in his petition. When he does so, the change of venue necessarily follows under the 1st and 2d sections of the act.

The third reason assigned in the amended petition is within the 3d section of the act. The granting of the application on this ground was therefore within the discretion of the court, but of course the discretion to be exercised was a judicial and not an arbitrary one.

We are compelled to reverse the order and remand the case that the court below may proceed to hear and determine the application in accordance with the provisions of the act of 1875 as construed in this opinion. While the 3d section authorizes the court to hear the parties by affidavits, the 2d section does not designate the manner in which the evidence is to be presented for consideration. It is the better practice, however, and we suggest that the court hear the witnesses produced by the parties, or that the testimony be taken on a rule before competent authority, with notice to the opposite party. In either way, the witnesses will be subject to cross-examination and their knowledge of the facts can be more fully and definitely ascertained.

The order discharging the rule for a change of venue is reversed with instructions to the court below to rehear the parties and determine the application in accordance with the views herein expressed.