## Little, Appellant, v. Wyoming County.

*Change of venue—County as party—Local prejudice—Oath of party—Act of March* 30, 1875, P. L. 35.

The power to change the venue in civil cases is vested in the courts by the constitution, but the causes for which and the manner in which they must be exercised are entirely under legislative control. When the legislature has enacted and provided the causes and the mode of procedure, it is the duty of the court to comply strictly with the statutory provisions in determining the right of the applicant to have his case tried in another jurisdiction.

Under the first section of the Act of March 30, 1875, P. L. 35, the question is not whether the grounds or reasons assigned are sufficient to warrant a change of venue in the opinion or judgment of the court, but whether the applicant has brought himself within any of the causes for which the legislature has determined a change shall be made. If he has, the court is required to grant the application regardless of the opinion it may entertain as to the propriety of doing so.

Where a county is a party to a suit and it appears by the affidavit of the other party that local prejudice exists and that a fair trial cannot be had in the county, it is mandatory on the court to change the venue.

Argued Feb. 20, 1906. Appeal, No. 383, Jan. T., 1905, by plaintiff, from order of C. P. Wyoming Co., Oct. T., 1903, No. 68, discharging rule for change of venue in case of C. B. Little, Administrator of C. A. Little, v. Wyoming County. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule for change of venue. Before TERRY, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the order discharging the rule.

*Ernest K. Little,* with him *C. O. Dersheimer* and *W. E. Little,* for appellant.—The act is mandatory: Willoughby v. Railway Co., 203 Pa. 243.

*H. S. Harding,* with him *J. Wood Piatt,* county solicitor, for appellee, cited: Newlin's Petition, 123 Pa. 541; Philadelphia v. Pass. Ry. Co., 143 Pa. 444; Brittain v. Monroe County, 31 Pa. C. C. Rep. 161.

OPINION BY MR. JUSTICE MESTREZAT, April 9, 1906:

Article III, section 23 of the constitution provides that: "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law." By virtue of the authority thus conferred, the legislature passed the Act of March 30, 1875, P. L. 35, 2 Purd. 2068, providing the manner in which a change of venue in civil cases may be made by the courts. The first section of the act provides that "changes of venue shall be made in any civil cause in law or equity:" (1) When the judge shall be personally interested in the event of the cause or in the question to be determined thereby; (2) when the title under which the parties, or either of them, claim shall have been derived from or through such judge, and he shall be liable thereunder, or whenever he shall hold under the same title with either of the parties in the cause; (3) when any near relative of the judge shall be a party to the cause or interested in the event thereof unless the judge shall select another judge, disinterested and not so related, to try the cause; (4) "whenever the county in which such cause is pending or any municipality therein, or the officials of any such county or municipality, are parties thereto, and it shall appear, by the oath of the party desiring such change of venue, that local prejudice exists, and that a fair trial cannot be had in such county;" (5) "whenever a large number of the inhabitants of the county in which such cause is pending, have an interest in the question involved therein, adverse to the applicant, and it shall appear, by the oath of such applicant, that he believes he cannot have a fair and impartial trial." The second section of the act provides the manner in which the application shall be made, heard and determined. The applicant must apply to the court, or a judge in vacation, by petition setting forth the cause of the application "which shall be accompanied by his affidavit of the truth of the facts alleged therein, and that the said application is not made for the purpose of delay." After notice to the opposite party or his attorney, "the said court or judge shall, if satisfied of the truth of the facts alleged, award a change of venue."

The third section of the act provides that "changes of venue may be made in any civil cause in law or equity:" (1) When

it shall appear to the satisfaction of the court that any party to such cause has an undue influence over the minds of the inhabitants of the county or that they are prejudiced against the applicant, so that a fair and impartial trial cannot be had; (2) when, in any plea of land two juries of the county have failed to agree and have been discharged without rendering a verdict; (3) when it shall be made to appear to the court that a fair and impartial trial cannot be had in the county in which the cause is depending. Applications under this section must be made to the court in term time in the manner provided in the second section of the act, and after notice to the opposite party or his attorney, the court is required to hear the parties by counsel and affidavits, if necessary, and may grant or refuse the application in its discretion.

The seventh section of the act repeals all former legislation on the subject.

It will be observed that the first section of the act is mandatory and consequently when a party has satisfied the court or the judge of the existence of any of the causes enumerated in the section, he is entitled to have an order changing the venue. When, however, the application is made for any of the causes set out in the third section of the act, the granting of the change is discretionary with the court. In the language of the section, the court "may refuse or award such change of venue as in its discretion it shall see fit."

The present application was made under the fourth paragraph of the first section of the act. The petition avers that the county of Wyoming is the defendant in the action and that local prejudice exists as to the said action and that a fair trial cannot be had in the county. An affidavit is attached to the petition in which the applicant swears " that the matters above set forth are true and correct and that this application is not made for the purpose of delay." The application is in form substantially a compliance with the act, but it is better practice to confine the petition to an averment of the necessary facts and to include in the affidavit what the act requires it to contain. The county commissioners resisted the application and filed an answer denying " that there is any such local prejudice existing in the said county, as represented by plaintiff, whereby the said plaintiff could not have a fair and impartial trial in the

said county, and that therefore the said plaintiff is not entitled to the change of venue as prayed for in the said petition." On this question, raised by the answer, both parties took depositions. The learned court below heard and determined the application on the petition, answer and depositions. It held the allegation in the petition " that a local prejudice exists as to the said action and that a fair trial thereof cannot be had in the said county " to be a jurisdictional fact, and that it must be proved to the satisfaction of the court to entitle the applicant to a change of venue under this paragraph of the first section of the act.

The power to change the venue in civil cases, as observed above, is vested in the courts by the constitution, but the causes for which, and the manner in which, it must be exercised are entirely under legislative control. When, therefore, the legislature has enacted and provided the causes and the mode of procedure, it is the duty of the court to comply strictly with the statutory provisions in determining the right of the applicant to have his case tried in another jurisdiction. It may be that in considering such applications the method which the court would adopt and the causes it would hold as sufficient would be equally effective in promoting the ends of justice. But the answer to that proposition is that the authority to determine the question is not in the court but, by a constitutional provision, belongs exclusively to the legislative department of the government. The question in every case under the first section of the act is, therefore, not whether the grounds or reasons assigned are sufficient to warrant a change of venue in the opinion or judgment of the court, but whether the applicant has brought himself within any of the causes for which the legislature has determined a change shall be made. If he has, the court is required to grant the application regardless of the opinion it may entertain as to the propriety of doing it.

This application, as we have seen, is made under the fourth paragraph of the first section of the act. It is averred in the petition that the defendant is a county of the state, and it appears by the affidavit of the petitioner that local prejudice exists and that a fair trial cannot be had in the county. By referring to the paragraph of the section, quoted above, it will be seen that these are the only facts of which the court must be satis-

fied to entitle the applicant to a change of venue under the paragraph. The answer of the defendant does not deny that it is a county and consequently no testimony was necessary to aid the court in determining the fact. But the answer denies that there is any local prejudice that will prevent the plaintiff from having a fair trial in the county. How is that fact to be established? The paragraph points out the only way, and that is, in the language of the act, "by the oath of the party desiring such change of venue." The venue must be changed when a county is a party "and it shall appear, by the oath of the party desiring such change of venue, that local prejudice exists, and that a fair trial cannot be had in such county." It is the duty of the court, therefore, not to ascertain or determine the fact that local prejudice exists, but that it appears by the oath of the applicant. This is the language of the statute, and it is so plain that it cannot be misunderstood.

The learned court below says, however, that this interpretation ignores the provision of the second section of the act requiring the court to be "satisfied of the truth of the facts alleged." But in this the court is clearly in error. Before granting the change of venue, the second section requires the court to be satisfied of the truth of the facts alleged in the application which, of course, must contain the facts or causes enumerated in one or more of the five paragraphs in the first section of the act. We have stated the cause permitting the change contained in each paragraph. In the fourth paragraph, as applicable to this case, there are but two facts to be determined by the court: (*a*) That the county is a party, and (*b*) that it appears by the oath of the party that local prejudice exists. These are "the facts alleged" which the paragraph requires the court to be satisfied of before it grants the change. If the paragraph had omitted the words "by the oath of the party desiring such change of venue," it would have read: "and it shall appear that local prejudice exists, and that a fair trial cannot be had in such county"; and it then would have been the duty of the court under that paragraph to have determined whether local prejudice existed against the applicant. The legislature, however, did not intend to leave that fact to be found by the court, but enacted that it should appear by the oath of the party. When the court finds that it does so appear,

it has performed the duty required of it under the second section of the act.

The learned trial judge says in his opinion that " no affidavit was required in this case to inform the court who the parties are, because that information appears by the record, of which the court takes judicial notice." That was, however, a jurisdictional fact which the court had to find before it could grant the application. That it appeared by the record did not relieve the court from the statutory duty of ascertaining the fact. In the same way, an inspection of the affidavit filed by the applicant would show that such an affidavit had been made and that it appeared from that affidavit that local prejudice did exist against the applicant. Both facts should be determined by the court on an inspection of the record and the papers filed in the case. They are, however, jurisdictional facts which must be found by the court and which, when found, give the applicant the right to a change of venue.

It is claimed by the appellee that the construction of the act of 1875 by the court below is in accord with Newlin's Petition, 123 Pa. 541, and Philadelphia v. Ridge Ave. Pass. Ry. Co., 143 Pa. 444. This contention, however, overlooks the facts of those cases and, consequently, what was decided. In the former case, Newlin applied to this court for a mandamus to compel the court below, after it had refused the application, to grant a change of venue. Says WILLIAMS, J., in delivering the opinion of this court (p. 544) : " What is complained of in this case is not that the judge did not hear, but that, having heard, he decided in a manner which the plaintiff thinks was wrong ; and he asks us to review and correct the conclusions of the learned judge upon a writ of mandamus. This we cannot do, and for this reason, the motion for the writ is refused." In the other case, the distinction between the duties of the trial court in the two classes of cases provided for in the first and third sections of the act was not adverted to, nor considered by counsel or the court. This is apparent from the opinion filed in the case. The case was properly decided under the third section of the act which, as we have seen, authorized the court to " refuse or award such change of venue as in its discretion it shall see fit." Under this section of the act a change of venue is entirely discretionary with the court and may be

granted only when the facts "shall appear to the satisfaction of the court." Willoughby v. Buffalo, Rochester & Pittsburg Ry. Co., 203 Pa. 243, was the first case in which the distinction between the two classes of applications under the act of 1875 was referred to and the practice pointed out. What is there said applies here, and rules this case.

It appearing that the applicant for the change of venue had brought himself within the provisions of the fourth paragraph of section one of the act of assembly, the order discharging the rule and refusing a change of venue is reversed and the court below is directed to enter an order making the change of venue as prayed for.