## Everson *v.* Sun Company, Appellant.

*Change of venue—Interest of inhabitants—County—Act of March* 30, 1875, *P. L.* 35—*Practice, C. P.*

A change of venue will not be granted on the ground that a large number of the inhabitants of a particular locality in a county are interested in the suit, where there is nothing to show that a large number of the inhabitants of the county generally are interested.

ELKIN, J., dissents.

Argued April 26, 1906. Appeal, No. 136, Jan. T., 1906, by defendant, from order of C. P. Delaware Co., Sept. T., 1902, No. 225, refusing change of venue in case of David Newlin Everson and Ella E. Everson, his wife, v. Sun Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for change of venue.   Before JOHNSON, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court refusing change
of venue.

*William B. Broomall,* with him *George S. Graham,* and
*William I. Schaffer,* for appellant, cited: Felts v. Delaware, etc.,
R. R. Co., 160 Pa. 503; Willoughby v. Ry. Co., 203 Pa. 243.

*V. G. Robinson,* with him *O. B. Dickinson,* for appellees,
cited: Willoughby v. Ry. Co., 203 Pa. 243; Philadelphia
v. Ry. Co., 143 Pa. 444; Newlin's App., 123 Pa. 541; York
Water Co. v. Gladfelter, 4 York, 87.

OPINION BY MR. JUSTICE MESTREZAT, May, 7, 1906 :
This was an application to the court below by the defendant
company for a change of venue under paragraph five of section
one of the Act of March 30, 1875, P. L. 35, 2 Purd. 2069.
That paragraph requires the court to change the venue " when-
ever a large number of the inhabitants of the county in which
such cause is pending, have an interest in the question
involved therein, adverse to the applicant, and it shall appear,
by the oath of such applicant, that he believes he cannot
have a fair and impartial trial." As held in Willoughby
v. Buffalo, etc., Railway Company, 203 Pa. 243, and Little v.
Wyoming County, 214 Pa. 596, it is mandatory on the
court to change the venue when it is satisfied of the truth
of the facts alleged in any of the paragraphs of the first section
of the act.   In this case the applicant having filed the affidavit
required by the statute, the fact which the court below was re-
quired to find, or to be satisfied of the truth of, was that
a large number of the inhabitants of Delaware county had an
interest in the question involved in this case, adverse to
the defendant company.   If the learned judge of the court
below found the fact in favor of the defendant, it was his duty
to grant the application for a change of venue.

The defendant presented its petition to the court below
in the proper form, averring that a large number of the
inhabitants of Delaware county had an adverse interest in the

question at issue in the case.   The petition was accompanied by an affidavit, in the form required by the statute, that it was the belief of the affiants that a fair and impartial trial of the suit could not be had in Delaware county.   An answer was filed by the plaintiffs denying, inter alia, the truth of the averment that a large number of the inhabitants of the county had an interest in the question involved in the cause or that the defendant could not have a fair and impartial trial in Delaware county.

The issue as thus made by the pleadings was heard by the court.   The testimony of two witnesses was taken in behalf of the defendant company.   After a full consideration of the case, the learned judge of the court below found the facts against the defendant and refused the application for a change of venue.   In his opinion he says: "The burden is on the petitioner to satisfy the court of the truth of the facts alleged.   This it has failed to do.   From the evidence submitted we cannot find as a fact that a large number of the inhabitants of the county have an interest in the question involved in this suit, adverse to the petitioner."   This is a distinct finding by the court on the jurisdictional fact alleged in the petition, and the finding having been against the petitioner, the denial of the application necessarily followed.   This procedure is in strict compliance with the provisions of the act of 1875.   We have examined carefully the evidence submitted by the defendant company and we are not convinced that the learned judge erred in his conclusion.

The purpose of the act of 1875 must be kept in view in ascertaining what constitutes in contemplation of the statute a large number of the inhabitants of a county.   The legislative intent was to secure to the litigant a jury which would afford him an opportunity to have a fair and impartial trial ; and when that cannot be obtained in the county in which the action is pending by reason of the number of the inhabitants throughout the county having an interest adverse to him in the question involved, then there is in contemplation of the act "a large number of the inhabitants" having an adverse interest, which requires the court to change the venue.   The fact which authorizes a change of venue under paragraph five of section one of the act is that "a large number of the inhab-

itants of the county," and not of a particular locality in the county, is interested in the controverted question in the cause. The question involved in the present suit arises out of an alleged cause of action which, if it exists at all, exists only in one locality in Delaware county, and affects only those who reside or have property interests in that particular locality. A jury is drawn from the body of the whole county, and where, as here, the persons interested in the question involved in the cause at issue are confined to a particular locality and the number is relatively very small in comparison with the population of the whole county, there is no sufficient ground to send the cause to another county for trial. By exercising their right to challenge, the parties can secure a jury which will not be prejudiced on account of the number of people who are interested in the result of the cause. The number of people interested in a pending action may be a large proportion of the population of the community in which the cause of action arose, but it may be a very small proportion of the whole county. It is apparent, we think, that taking into consideration the population of Delaware county and the number of inhabitants in the community who are alleged to be affected by defendant's works, a jury can be obtained from the panel, taken from the whole county, which will have no interest in the cause and which will be strictly impartial. We are unable to see that the learned judge has abused his discretion, or arbitrarily exercised it, against the defendant company in finding the facts or in denying the application for a change of venue. It therefore follows that the order refusing the application of the defendant for a change of venue must be affirmed.

ELKIN, J., dissents.