## Apex Hosiery Company *v.* Philadelphia County et al.

*Sylvan H. Hirsch* and *Stanley Folz,* of *Sundheim, Folz & Sundheim,* for petitioners.

*William T. Connor,* for County of Philadelphia.

*James Francis Ryan,* Assistant City Solicitor, for Mayor et al.

*Michael F. Donnelly,* for Sheriff.

*Benj. R. Simons,* for other defendants.

PER CURIAM, June 30, 1938:
The question is raised in the briefs as to whether the Supreme Court of Pennsylvania can change the venue

in civil cases on original jurisdiction. This Court has all the powers of the English Court of King's Bench by the Act of May 22, 1722, 1 Sm. L. 131, Section 13. The Act of June 16, 1836, P. L. 784, Section 1, enlarges these powers. See *Schmuck v. Hartman,* 222 Pa. 190.

Article III, Section 23, of the Constitution does not take away from the Supreme Court any of its inherent powers, nor did the acts passed by the legislature pursuant to that section. See *Commonwealth v. Reilly,* 324 Pa. 558. The only effect these statutes have is to confer on the county courts power to change the venue which they did not inherently possess. See *Commonwealth v. Balph,* 111 Pa. 365; *Quay's Petition,* 189 Pa. 517; *Commonwealth v. Smith,* 185 Pa. 553; *Commonwealth v. Ronemus,* 205 Pa. 420; *Commonwealth v. Delamater,* 145 Pa. 210.

We said in *Summers v. Kramer,* 271 Pa. 189, at p. 198: "The Act of 1836 applies 'as well in criminal as in civil pleas or proceedings,' and the Court of Kings Bench, to whose jurisdiction ours is assimilated under the Act of 1722, had 'cognizance of both civil and criminal causes': 3 Blackstone's Commentaries *42; Coke's Institutes of the Laws of England *71; 6 Bacon's New Abridgment of the Law 438. Under these statutes and decisions it is clear we have the right, without considering what the court below could or should have done, to direct this case to be heard by some judge against whom no question of prejudgment can be urged; . . ."

See also *Wattson v. Chester & Delaware River R. R. Co.,* 83 Pa. 254, where Chief Justice Agnew at p. 256 indicated that the power to change the venue in civil cases was not disturbed by the Constitution and statutes passed thereunder. *Little v. Wyoming County,* 214 Pa. 596, at p. 599, refers only to the power of the county courts and does not concern this Court. In *Crawford's Estate,* 307 Pa. 102, at p. 107, we said: "When the legislature has not acted on a cause which is of sufficient importance to require a change of venue, the right to such

change is not lost, and the power is still lodged in the Supreme Court."

We therefore conclude that this Court has the power to change the venue in civil cases and we accordingly make such order.