## SAM INGRAM v. STATE.

No. A-7591.   Opinion Filed Jan. 2, 1931.
Rehearing Denied Jan. 17, 1931.
Dissenting Opinion, July 2 1931.

(3 Pac. [2d] 743.)

See, also 51 Okla. Cr. 143, 3 Pac. (2d) 736.

Leahy, Macdonald & Files and L. H. Justus, Jr., for plaintiff in error.

The Attorney General, for the State.

ROWE, Special Judge. This is an action prosecuted by information originally commenced in Osage county, but said cause was removed to Tulsa county on a change of venue. The defendant was tried and convicted in Tulsa county, and his punishment fixed at a fine of $500 and costs. He filed a motion in arrest of judgment, which was overruled, and also a motion for new trial was duly filed and overruled, and the record properly preserved on each. The case was duly appealed, and on this appeal he seeks a reversal of the judgment.

Under the law, which seems to be so well settled in this jurisdiction, and in the view we have taken of the disposition which must necessarily follow in this case, it is deemed unnecessary to discuss the evidence further than to call attention to the fact that the defendant was employed as tax ferret in Osage county under contract entered into with the board of county commissioners of said county; that, in addition to his contract with the county for discovering omitted taxes, he also had a contract which gave him 15 per cent. commission on gross production taxes discovered by him for Osage county. It further appears that there had been for many years a custom in

Osage county that, when a tax ferret discovered property which had not been assessed, he went into the county treasurer's office and entered the same in red ink on the tax roll; that it had also been a custom for the treasurer not to notify the taxpayer at the time the ferret put the same on the book in red ink, but if, after the entry thereof, any controversy arose, then notice was served and a hearing held.

The record shows that the original information, which has been designated the first information, was filed in Osage county. Later the cause was removed to Tulsa county on a change of venue. After the same had been transferred to Tulsa county, the county attorney of Osage county filed a first amended information in the district court of Tulsa county. At a later date, the county attorney of Osage county filed a second amended information in Osage county. It appears that the district judge in Osage county had been disqualified, and, after said disqualification, made an order granting permission to the county attorney of Osage county to file the second information and entered an order directing the clerk to transmit said information to Tulsa county. It is urged by defendant, under his first proposition, that the court erred in overruling defendant's motion to quash the first and second amended informations and erred in refusing to sustain defendant's demurrer to the information.

It is further urged that a judge who has disqualified has no authority or jurisdiction to enter any order affecting the rights of the defendant, and that he loses all jurisdiction in the matter. The filing of the amended informations presents a question of jurisdiction which directly affects the rights of the defendant, guaranteed to him under the Constitution and laws of this state. There is no question but that it is well settled that the county

attorney of Osage county did not have authority to file a new information or amended information, which changed the substance of the charge in Tulsa county. The Constitution of the state of Oklahoma provides that prosecution for felonies shall be by indictment or may be by information after the accused has had a preliminary examination before an examining magistrate, or after having waived the same. The rule was announced in the case of Holcomb v. State, 16 Okla. Cr. 1, 166 Pac. 755, in a well-reasoned opinion by Justice Doyle:

"In this state all crimes are statutory, and the practice and procedure in the prosecution thereof, including the form of the accusation and the manner in which, and by whom, preferred, is for the Legislature to determine, except when restrained by the state or federal Constitution, and we have no statute authorizing the county attorney of one court to file an information in any county other than his official county."

The amended or new informations filed changed the substance of the original charge, and there can be no question that under the law it was error to compel defendant to go to trial without having had a preliminary examination, or having duly waived the same. Then, too, it necessarily follows that, in view of the fact that the information filed in Tulsa county was without authority of law, the whole proceedings subsequent to the filing of the new or so-called amended information in Tulsa county were null and void, and that the district court was without jurisdiction to try the defendant on the new or amended informations, or to render the judgment appealed from.

In the case of Payne v. State, 30 Okla. Cr. 218, 235 Pac. 558, the court said:

"Under section 17, Bill of Rights, no person shall be prosecuted for a felony by information without having

had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Under the rule announced in the Holcomb Case, and in view of the Constitution of this state and statutes governing such matter, we are forced to the conclusion that the information filed in Tulsa county was without authority of law, and that the district court of Tulsa county was without jurisdiction to try the defendant on said information.

We are also of the opinion that a district judge who has been disqualified loses jurisdiction and has no right to make any order affecting the rights of the defendant.

There are a number of other assignments of error ably argued on behalf of the defendant and ably answered by the writer of the brief on behalf of the Attorney General, but, in view of the conclusion arrived at, we deem it unnecessary to discuss them.

For the reasons herein stated, the judgment of the district court of Tulsa county is reversed, and the cause remanded.

DAVENPORT, J., concurs.

EDWARDS, P. J. (dissenting). I am not able to agree with the majority opinion. In my judgment the amendment was immaterial and could not have prejudiced defendant, and falls clearly under the harmless error statute. Section 2822, Comp. Stat. 1921. The opinion rests on the authority of Holcomb v. State, 16 Okla. Cr. 1, 166 Pac. 755. That case is on the authority of State v. Bartlett, 170 Mo. 658, 71 S. W. 148, 59 L. R. A. 756, 761. The Supreme Court of Missouri, however, has expressly overruled the Bartlett Case in several cases. State v. Dixon (Mo. Sup.) 253 S. W. 746, 747, where it was held:

"The prosecuting attorney is required to follow and conduct criminal prosecutions taken to other counties on changes of venue. The statute reads that the 'information may be amended * * * at any time by leave of court before trial.' It will be seen that the language of the statute is broad enough to meet the exigencies of any case in which an amendment of the information may be required; otherwise we will interpolate into the section an exception not contemplated by the lawmakers, which is that the right of the state to amend an information is limited to the court in which the prosecution originates. The right to amend an information seems to be as broad as the right to amend pleadings in civil cases. A change of venue is awarded to a defendant as a privilege when it appears he cannot have a fair and impartial trial in the county where the crime is charged to have been committed. It would be anomalous to contend that, by taking a change of venue, the defendant could deprive the state of the right of amendment, and thus defeat a prosecution because of a defect in an information that is unqualifiedly amendable under the statute."

In State v. Tippett, 317 Mo. 319, 296 S. W. 132, 135, the court said:

"In the circuit court of Stoddard county the prosecuting attorney filed an information and then a so-called amended information. In the circuit court of Dunklin county, after the change of venue, the court permitted, over the objection and exception of defendant, a second amended information to be filed. The error charged is the permitting of the second information to be filed in Dunklin county, after the change of venue, the crime occurring in Stoddard county. We have expressly ruled in late cases that an information may be amended, under section 3853, Revised Statutes 1919, designated the Statute of Jeofails, even after a change of venue awarded. State v. Dixon (Mo. Sup.) 253 S. W. 746; State v. Rennison, 306 Mo. 473, 267 S. W. 850."

The same ruling is emphatically laid down in State v. Lomax, 322 Mo. 86, 14 S. W. (2d) 436.

The Holcomb Case supra, is clearly not sound, and should be overruled.