## JESS HOLLINS v. STATE.

No. A-8789.   Nov. 16, 1934.
(38 Pac. [2d] 36.)

Redwine & Hill, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Sebe Christian, Co. Atty., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of the crime of rape by force, and his punishment fixed by the jury at death.

This offense was committed on the 26th day of December, 1931. On the 30th day of December, 1931, defendant entered his plea of guilty to the charge, and his punishment was fixed by the court at death. On the 12th day of August, 1932, defendant filed his petition in this court for a writ of habeas corpus. After a full hearing and careful consideration of the questions raised, the writ was granted and defendant remanded to the custody of the sheriff of Creek county for further proceedings according to law. Ex parte Hollins, 54 Okla. Cr. 70, 14 Pac. (2d) 243.

Thereafter defendant applied for a change of venue, which was granted and the case transferred to Okmulgee county. Defendant there demurred to the information, which was sustained by the court. The county attorney asked leave to amend the information; leave was granted by the court and the case set for trial on the 4th day of April, 1934. Because of the holding of this court in Holcomb v. State, 16 Okla. Cr. 1, 166 Pac. 755, that an amended information could not be filed in the county to which the case had been transferred, but must be sent back to the county from which it came, the county attorney filed an amended information in Creek county and the case was dismissed in Okmulgee county. After the amended information had been filed, defendant applied to this court for a writ of habeas corpus, alleging that because the court had sustained a demurrer to the information and had not ordered an amended information filed and because the county attorney had moved to dismiss the proceedings in Okmulgee county and the court had so ordered, the sustaining of the demurrer was a bar to further prosecution and the Okmulgee court was without jurisdiction to proceed any further. Upon a hearing, this court denied the writ and directed the court clerk of Creek

county to transmit the amended information and all other papers and records in his custody to the court clerk of Okmulgee county and directed the district court of Okmulgee county to proceed with the trial of the case in accordance with the court's order in that case. Ex parte Hollins, 56 Okla. Cr. 284, 38 Pac. (2d) 35.

When the case was called for trial in Okmulgee county, defendant raised the same questions that had been raised in the second habeas corpus proceeding, but in accordance with the order of this court the objections were denied and the case proceeded to trial. The jury found the defendant guilty and fixed his punishment at death. To review that conviction and judgment defendant has appealed to this court.

It is first contended that when the court sustained the demurrer to the information it did not direct the county attorney to file a new information, and that therefore the prosecution was barred.

Section 2612, C. O. S. 1921 (St. 1931, § 2952), provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be re-submitted to the same or another grand jury, or that a new information be filed."

In Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18, this court said:

"Under sections 5794 to 5797, inclusive, Revised Laws 1910, if a demurrer to an indictment or information is sustained and the court is of the opinion that the objection

to the demurrer may be avoided by a new indictment or information, the direction of the court to hold the defendant for further prosecution is sufficient to prevent a judgment bar arising from sustaining the demurrer, if, from the language used in the order, it may be fairly inferred that the court intended that the case be resubmitted to a grand jury or that a new information be filed."

In the case at bar it appears from the record that at the time the demurrer was sustained the state asked leave to file an amended information, which leave was by the court granted, and the case set for trial on the 4th day of April, 1934. It is not necessary to set out all that was said by the court and counsel. While the language of the court is informal and not as complete as it might have been, yet it may be fairly inferred from such language that the court directed the filing of a new information.

It is next contended the amended information must be filed in the county where the case originated, and that the county attorney is without authority to file an amended information in the court to which the change of venue was granted.

The case of Holcomb v. State, 16 Okla. Cr. 1, 166 Pac. 755, holds that an information amended under such circumstances has to be filed in the court from which the change of venue was taken. We have reached the conclusion that this holding is incorrect. It is based upon a Missouri decision which argues that because under the Constitution of that state prosecutions by indictment and by information for felonies are concurrent remedies, and since an indictment could not be amended in the county to which the change was taken, it follows that an information may not be amended in that county. The decision overlooked the fact that an indictment could not be amended in either county. It required a new indictment

to be returned, and of course under the Constitution only a grand jury of the county in which the offense was committed would have jurisdiction to return such an indictment. But that it not true as to an information under the Constitution and laws of this state. The county attorney, who is an officer of the court, and who is always in court, has authority to amend an information by leave of the court, and under our statute this may be done without leave of court at any time before the defendant pleads. Section 2830, O. S. 1931, provides how and when an information may be amended either in matter of substance or of form. Section 2910, O. S. 1931, among other things, provides:

"The court to which the action is removed must proceed to trial and judgment therein the same in all respects as if the action had been commenced in such court."

Certainly then the court to which the change is taken has the same jurisdiction in respect to the trial of an information charging a felony as the court from which the change was taken would have had had no change been taken. Therefore, the court to which the change was taken would have authority under our statute to permit the amendment of the information within the provisions of section 2830, supra.

In State v. Lyts et al., 25 Wash. 347, 65 Pac. 530, that court said:

"Under 2 Ballinger's Ann. Codes & St. § 4860, declaring that the court to which a proceeding is transferred on change of venue shall exercise over the same a like jurisdiction as if it had originally commenced therein, the allowance of an amendment to the information by the court to which a criminal prosecution has been transferred does not operate to dismiss the proceeding."

In 1 Bishop, New Criminal Proc. § 714, it is said:

"An information differs from an indictment. Since the prosecuting officer, unlike the grand jury, is always present in court, he may, on leave, amend it to any extent not interfering with the due order of judicial proceedings."

To the same effect is State v. Kusel, 29 Wyo. 287, 213 Pac. 367. In the Kusel Case the court took occasion to examine thoroughly all the cases upon the subject, including the Missouri case and the Holcomb Case therein referred to, and, after digesting all the authorities, in the body of the opinion said:

"Notwithstanding the constitutional guaranty to defendant of the right to be tried by a jury of his peers in the county in which the crime is committed, he has no fundamental right to have the pleadings settled in the county where the action was commenced."

The very purpose of a change of venue is to divest the court from which the case is transferred from any further jurisdiction in the case, and since this is true it would follow that such court would have no jurisdiction to entertain the filing of another information in that particular prosecution.

There is another reason why defendant cannot now urge these questions. In Ex parte Hollins, 56 Okla. Cr. 284, 38 Pac. (2d) 35, defendant raised these questions in his petition for a writ of habeas corpus. The adverse judgment rendered against defendant in that case makes these question res adjudicata.

It is next contended the court erred in overruling defendant's challenge to the jury panel because no Negroes were on the jury panel, defendant alleging that they were excluded solely and exclusively on account of their race and color.

The Supreme Court of the United States has held that such a motion should be sustained where the evidence discloses that Negroes, on account of their race and color, were purposely excluded from serving on a petit jury in a criminal prosecution against a Negro; that such action does constitute unlawful discrimination and is in violation of the Fourteenth Amendment to the Constitution of the United States. Strauder v. West Virginia, 100 U. S. 303, 25 L. Ed. 664; Neal v. Delaware, 103 U. S. 370, 26 L. Ed. 567; Gibson v. Mississippi, 102 U. S. 565, 16. S. Ct. 904, 40 L. Ed. 1075.

This court has held to the same effect. Smith v. State, 4 Okla. Cr. 328, 111 Pac. 960, 140 Am. St. Rep. 688.

The court heard evidence on this motion and overruled the same. The burden is on defendant to prove that Negroes were excluded from the jury panel solely on account of their race and color. A careful examination of the record discloses no such evidence. Having failed to offer any proof on this question, it was not error for the court to overrule the challenge.

In connection with this error it is also alleged that the jury commissioners failed to comply with the law in the selection of the names to be placed in the jury box, and that the sheriff failed to comply with the law in the summoning of the jury.

In Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883, this court said:

"A substantial compliance with the forms provided for by law for drawing and serving jurors is sufficient.

"A challenge to the panel of jurors can be founded only on a material departure from the forms of law providing for drawing and summoning jurors, or the intentional omission of the sheriff to summon one or more of

the jurors drawn; and, to entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show that the illegality or wrong which is the basis of such challenge is such as to have caused the defendant to suffer material prejudice."

To the same effect is Buxton v. State, 11 Okla. Cr. 85, 143 Pac. 58.

Numerous other cases of this court might also be cited.

There is nothing in the record to show failure of the officers to perform their duty, nor material prejudice to the defendant.

It is next contended the court erred in admitting in evidence the signed statement of defendant made a few days after the offense was committed.

The statement itself recites that no threats, or force, or coercion, or intimidation, or promise of reward were used or made, and no evidence was offered by the defendant that in any wise tended to show that the statement was not made fully, freely, and voluntarily, without promise or hope of reward. Under this record, the statement was clearly admissible in evidence.

It is next contended the assistant county attorney was guilty of misconduct in his argument to the jury.

The argument of the county attorney was sane, conservative, and free from anything objectionable. As much cannot be said for the argument of the assistant county attorney. The principal objection to his argument is this statement:

"What are you going to do? I don't want life imprisonment in this case because that is too uncertain—would rather you would turn him loose. I think probably somebody might take care of him. I don't know."

Defendant's counsel made prompt objection to this argument, which was overruled by the court and exception saved by defendant. This argument was improper, but in view of the undoubted guilt of the defendant and the enormity and wantonness of the offense, the jury could not have been prejudiced against defendant by such argument.

For a full discussion and citation of authorities on misconduct of counsel, see Oglesby v. State, 56 Okla. Cr. 286, 38 Pac. (2d) 32.

Other questions are raised and argued by defendant in his brief, but are not considered of sufficient importance to require a separate discussion in this opinion. It is sufficient to say that none of them are fundamental and none would require a reversal of the case.

From a careful consideration of the record by each member of the court, we are satisfied defendant had a fair trial; that the verdict is just and the death penalty fully warranted. The cause is therefore affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Okmulgee county be carried out by the electrocution of defendant on the 4th day of January, 1935.

EDWARDS, P. J., and DAVENPORT, J., concur.