The STATE of Oklahoma ex rel. Ronald E. WORTHEN, District Attorney of the 20th Judicial District, Petitioner,

v.

Woodrow GEORGE, District Judge of the 20th Judicial District, Respondent.

No. P–80–454.

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1980.

Ron Worthen, Dist. Atty., for petitioner.

Joseph O. Minter, Madill, for defendant.

## OPINION

BRETT, Judge:

This is an original proceeding in which the District Attorney for Carter County, Oklahoma, is attempting to prohibit the Honorable District Judge of Carter County from remanding to Love County the trial of Paul Earnest Morgan in Carter County Case No. CRF–80–14.

Originally Paul Earnest Morgan was charged jointly with two other persons for the offense of Murder in the First Degree. On January 14, 1980, the three defendants were granted a Motion for Change of Venue from Love to Carter County, which motion was confessed by the State. The other two defendants stood trial in Carter County and both were convicted. Defendant Teafatiller was sentenced to serve five (5) years' imprisonment for First Degree Manslaughter; and Defendant McKinney was sentenced to life imprisonment for First Degree Murder.

The three defendants had been granted a severance for trial each from the other, and their trials were placed on the Carter County docket for June 9, 1980. On June 6, three days prior to the date set for defendant Morgan's trial, defense counsel filed a motion to "Withdraw Motion For Change of Venue." Said motion was heard by the Honorable Respondent on that date when he sustained the defendant's motion to withdraw. In this action the District Attorney is attempting to prohibit the Honorable Respondent from enforcing the order sustaining the motion to withdraw; to require that the trial be had in Carter County; or, in the event a proper motion for change of venue is filed to change venue to some other county, other than Love County, Oklahoma. After the application and petition were filed in this Court, a Stay Order was entered staying further proceedings in CRF–80–14, until the further order of this Court.

On August 1, 1980, at 1:30 p.m., a hearing was had in this Court where the State was

represented by Mr. Ron Worthen, District Attorney; defendant Morgan was represented by court-appointed defense counsel, Mr. Joseph O. Minter of Madill, Oklahoma; and the interest of the trial court was represented by the Honorable Respondent Woodrow George.

We assume jurisdiction and issue the writ prayed for.

The authority for change of venue is found in 22 O.S.1971, § 561. Defendant Morgan's Motion for Change of Venue was presented to the Love County District Court, in case No. CRF–79–44, which was renumbered in Carter County as CRF–80–14, because ". . . the so-called facts in the above entitled cause have been published in the local papers on many occasions, reported on radio and television in such a pervasive, sensational and extensive manner that it has fostered and maintained preconceived and fixed opinions by prospective jurors and witnesses as to the guilt of the defendant thereby denying him the right to a fair and impartial trial in Love County." When the Honorable Thomas S. Walker, assigned district judge, granted the Motion for Change of Venue, further proceedings in the Love County District Court were precluded. Venue was thereby established by order in the Love County District Court to Carter County.

Defense counsel, representing the interest of defendant Morgan, argues that once venue is established in another county, that court has jurisdiction and authority to consider a defendant's motions in all respects as if the action had been commenced in such court. Counsel cites Section 561, of Title 22, *Hollins v. State*, 56 Okl.Cr. 275, 38 P.2d 36 (1934), and 22 C.J.S. Criminal Law § 217. We agree with counsel's argument that such venue change establishes full authority and jurisdiction in the court to which venue is changed. However, we do not agree that such authority empowers that court to remand the trial to the original county after it has been determined by the court in that county that a fair trial may not be had there.

This Court provided in *Shapard v. State*, Okl.Cr., 437 P.2d 565 (1968), that the court to which venue has been changed has authority to grant a second change of venue, if it is found that the accused cannot receive a fair trial in that court. That finding must be premised upon either a proper motion for change of venue or, after voir dire examination of the jury, a determination that an impartial jury cannot be secured. However, we find no authority to authorize the court to which venue has been changed, as in the instant case, to permit the withdrawal of the original motion for change of venue, and to remand the trial to the court from which venue has been changed.

In the instant case, the trial judge is fully authorized to consider and grant a proper motion for change of venue to another county, but the court is without authority to remand the trial to the original county from which venue was changed.

We are therefore of the opinion the writ of prohibition should issue to prohibit the Honorable Respondent herein from sustaining the Motion to Withdraw Change of Venue, and from remanding Carter County Case No. CRF–80–14, to Love County, Oklahoma, for trial. The stay order is hereby vacated.

CORNISH, P. J., and BUSSEY, J., concur.