## RICHARD W. MAYNARD v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.

77 N. W. (2d) 183.

May 4, 1956—No. 36,726.

*Davis, Rerat, Yaeger & Lush* and *Paul F. Clements,* for appellant.
*Warren Newcome,* for respondent.

MURPHY, JUSTICE.

Action brought under Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 USCA, §§ 51 to 60, in the District Court of Hennepin County by a nonresident to recover for injuries sustained in another state. Plaintiff appeals from the judgment dismissing his action under forum non conveniens.

The facts may be briefly summarized. The uncontroverted affidavit of the defendant states that the accident giving rise to this suit occurred at Boone, Iowa, plaintiff's residence, which is over 300 miles from Minneapolis by the shortest rail route. All witnesses reside in or near Boone, and the defendant asserts that the excess cost of a trial in Minneapolis rather than Boone or Des Moines, Iowa, will be over $4,000.

It is not contended here that the trial court abused its discretion in dismissing the action without prejudice. The plaintiff is here to test the application of forum non conveniens as established in 1954 in Johnson v. Chicago, B. & Q. R. Co. 243 Minn. 58, 66 N. W. (2d) 763, to an action arising in a border state. The issue presented is this:

"Does the application of the doctrine of forum non conveniens to a cause of action arising in an adjoining state to Minnesota, and being brought by a resident of that state, contravene federal rights under the Federal Employers' Liability Act?"

Basically plaintiff's arguments are the same as those considered and rejected in the Johnson case in which we held that trial courts may decline to exercise jurisdiction of a transitory cause of action where it can be more equitably tried in some other available and competent court even though the action may have arisen in an adjacent state.

Moreover, the narrow question presented by this appeal has been decisively answered in the negative by the United States Supreme Court in Douglas v. New York, N. H. & H. R. Co. 279 U. S. 377, 387, 49 S. Ct. 355, 356, 73 L. ed. 747, 752, and Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U. S. 1, 71 S. Ct. 1, 95 L. ed. 3.

Following the Douglas, Mayfield, and Johnson cases, we hold that application of the doctrine of forum non conveniens does not contravene federal rights granted to plaintiff under the Federal Employers' Liability Act and that the invocation of that doctrine is not limited by the artificial barrier of two intervening state lines.

Affirmed.

DELL, CHIEF JUSTICE (concurring specially).

In view of the decision of this court in Ramsey v. Chicago G. W. Ry. Co. 247 Minn. 217, 77 N. W. (2d) 176, I concur in the result.