[No. 34977. Department One. April 23, 1959.]

OSCAR C. LANSVERK et al., *Appellants*, v. STUDEBAKER-PACKARD CORPORATION, *Respondent*.[1]

*Klein & Lansverk*, for appellants.

*McMullen, Snider & McMullen*, for respondent.

HILL, J.—██ Quaere: Is the doctrine of *forum non conveniens* available to a defendant in a transitory out of state tort action brought in a superior court of the state of Washington where the plaintiff is a nonresident of that state,

[1]Reported in 338 P. (2d) 747.

and the defendant is a foreign corporation doing business in and subject to the service of process in that state?

· Answer: No.

Reason: Under the doctrine of *forum non conveniens*, although the court in which a transitory tort action is commenced has jurisdiction to hear and determine it, that court can, nonetheless, decline to · exercise its jurisdiction and enter an order of dismissal because there is another forum available where trial will best serve the convenience of the parties and the ends of justice. *Gore v. United States Steel Corp.*, 15 N. J. 301, 104 A. (2d) 670, 48 A. L. R. (2d) 841.

In the present case, the plaintiffs (residents of North Dakota) bring this action against the defendant (a foreign corporation), having its principal place of business in South Bend, Indiana, to recover for injuries sustained by the plaintiff wife by reason of a fall while visiting the defendant's plant in South Bend, Indiana, and for failure to properly diagnose and treat the injury.

This is a transitory tort action, and the defendant is subject to suit in any state where it can be served with process; and it has been properly served with a summons and complaint in Clark county, Washington. The defendant moved for a dismissal on the ground of *forum non conveniens*. The trial court granted the motion, and the plaintiffs have appealed from the order of dismissal.

The state constitution vests in the superior court

". . . original jurisdiction in all cases in equity and in all cases at law which involve [here follow references to certain types of litigation not here material] . . . and in all other cases in which the demand or the value of the property in controversy amounts to one thousand dollars, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, . . . and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; . . . " Amendment 28 to Art. IV, § 6, of the state constitution.

RCW 2.08.010 is the statute implementing the foregoing constitutional provision.

RCW 4.12.025 provides that an action may be brought in any county in which the defendant resides, and the

". . . residence of a corporation defendant [and this includes out of state corporations (RCW 4.12.026)] shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided. . . ."

Service on the defendant in this case was made in Clark county upon its statutory resident agent for the service of process. See RCW 4.28.080 (10), and 23.52.051. It is conceded that the Clark county superior court has jurisdiction to hear and determine the case. Our rules governing involuntary dismissals, apart from the failure to allege or prove jurisdictional facts, the failure to state or prove a cause of action, or the abatement of an action properly begun, are limited to those dealing with dismissals for want of prosecution. Rule 3, Pleading, Practice and Procedure, 34A Wn. (2d) 69, RCW Vol. 0.

We find nothing in our constitution, our statutes, our rules, or our decisions that recognizes the existence of any discretion in the superior court of any county to decline to exercise the jurisdiction with which it is vested by the constitution and our statutes because of *forum non conveniens*. (There are statutes relating to a change of venue to another superior court within the state, which include a change for the convenience of witnesses or because the ends of justice would be forwarded. RCW 4.12.030 (3). See also: RCW 4.12.027, 4.12.030, 4.12.040, 4.12.060, 4.12.070.) It must be remembered that we are not here concerned with a jurisdiction exercised to grant a change in venue or to transfer a case for trial, as in the Federal cases under 28 U. S. C. 1404 (a), and 1406 (a), but with the refusal to exercise a conceded jurisdiction culminating, of necessity, in a dismissal.

We have recognized the possibility of a situation, which

has not yet arisen, where we would refuse to exercise jurisdiction, and that is where to allow suit on a foreign cause of action would be contrary to a strong public policy of this state. *Richardson v. Pacific Power & Light Co.* (1941), 11 Wn. (2d) 288, 300, 118 P. (2d) 985; *Reynolds v. Day* (1914), 79 Wash. 499, 140 Pac. 681.

■ If the authority to decline to exercise jurisdiction on the grounds of *forum non conveniens* is an inherent power that all courts possess, it is, like atomic power, a matter of recent development. The doctrine begins, for all practical purposes, with an article by Paxton Blair, "The Doctrine of Forum Non Conveniens in Anglo-American Law" (1929), 29 Columbia Law Review 1. The conclusion of the author was that, in the absence of statutory restriction, all American courts had inherent power to decline jurisdiction in transitory cases, if there existed a more convenient forum for the determination of the issues. By 1941, Mr. Justice Frankfurter could refer to the "familiar doctrine of *forum non conveniens*" as being "firmly imbedded in our law." See dissenting opinion in *Baltimore & Ohio R. Co. v. Kepner* (1941), 314 U. S. 44, 86 L. Ed. 28, 62 S. Ct. 6, 136 A. L. R. 1222.

■ The supreme court of the United States in *Missouri ex rel. Southern R. Co. v. Mayfield* (1950), 340 U. S. 1, 95 L. Ed. 3, 71 S. Ct. 1, said "a State may reject, as it may accept, the doctrine [*forum non conveniens*] for all causes begun in its courts."

The United States courts operate under a change of venue statute, 28 U. S. C. 1404(a), which permits a transfer to any other district where the action could have been brought "For the convenience of parties and witnesses, in the interest of justice, . . ." See, also, 28 U. S. C. 1406(a).

The following state courts have recognized and applied the doctrine of *forum non conveniens*: Arkansas (over strong dissent), California (over strong dissent), Illinois, Louisiana, Maine, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, Oklahoma, and Utah (over strong dissent). (See note 1 in addendum to this opinion for case citations.)

The following states have declined to recognize the doctrine: Alabama, Missouri, Nebraska, Ohio, Texas, Wisconsin, and Washington. (See note 2 in addendum for case citations.)

We have heretofore been aligned by the annotators, *et al.*, with the minority on the basis of a United States district court case (*Smith v. Empire State-Idaho Mining & Development Co.* (1904), 127 Fed. 462), and our decision in *Reynolds v. Day, supra.* That case did not specifically touch upon the issue with which we are here concerned. The author of the Columbia Law Review article, to which we have referred, says that the plaintiff, an Idaho citizen, brought his action in the superior court of Spokane county, Washington, to recover for injuries caused by the negligence of the defendants (an Idaho partnership) while he was employed by them at their mine in Idaho. Neither the opinion nor the pleadings in the case says anything about the residence or citizenship of the plaintiff or of the defendants (or of their partnership). With these somewhat significant exceptions his factual statement is correct. The superior court sustained a demurrer on the ground that it had no jurisdiction. This court reversed, stating the familiar rule that an action for damages for personal injuries is transitory, and that though the injuries may have been sustained in some other state the action could be commenced in this state wherever service on a defendant may be had. (We have cited the case on that point many times; most recently in *Grant v. Pacific Gamble Robinson Co.* (1944), 22 Wn. (2d) 65, 69, 70, 154 P. (2d) 301.) We were principally concerned with the fact that if the injury had been sustained in this state, recovery would have been barred by our workmen's compensation act. We held that this did not prevent the courts of this state from applying the law of Idaho, and that in such a situation the right to recover is governed by the *lex loci* and not the *lex fori*. The closest that we came to the issues in the present case was our declaration that expense to taxpayers is not a valid objection to the indulgence of the principles of comity in actions for personal injuries arising in other states.

Judge Hanford had, ten years earlier (1904), held that "positive provisions of law" and not the principles of comity would make it necessary for the courts of this state to exercise jurisdiction in such a case. *Smith v. Empire State-Idaho Mining & Development Co., supra.* In that case the widow and daughter of John Smith, citizens and residents of the state of Idaho, brought an action to recover damages for his death, which had occurred in the state of Idaho in a mine belonging to the defendant, a New York corporation which had an office and its principal place of business in Spokane, Washington. The action was commenced in the superior court of Spokane county, but was transferred to the United States district court on the basis of a diversity of citizenship. The challenge was to the jurisdiction of the court in which the action was commenced. (Not to the exercise of a conceded jurisdiction as is the situation in *forum non conveniens* cases.) In his opinion Judge Hanford, in meeting that issue, said:

"This action is to enforce a personal liability of the defendant, and it must be conceded that it is a transitory action, which may be litigated in any court having cognizance of personal actions to recover damages, in which the defendant, by legal process, may be compelled to appear and defend. On general principles, such an action should be litigated in the state within which the accident happened, and in which the complainants reside. Presumably, the witnesses by whose testimony the truth of the allegations of the complaint must be established or disproved are to be found near the mine in which the deceased was injured. By legal process of the courts of Idaho they can be required to appear and testify upon a trial of the issues in a court of that state, and with less inconvenience to themselves and less expense to the parties than if they are compelled to travel to another state. The question in the case, however, is not one of expediency, but of legal right, to be determined by consideration of the laws of the state of Washington; and the subject-matter of the action being within the jurisdiction of the superior court, in which it was brought, and of this court, the only question raised by the motion is whether the record shows that the court acquired jurisdiction of the defendant by the valid service of a lawful summons.

" . . . the Code expressly provides that, in a civil

action against a foreign corporation doing business in this state, the summons may be served upon the secretary of such corporation. Pierce's Code, § 332, subd. 9; 2 Ballinger's Ann. Codes & St. Wash. § 4875.

"After mature deliberation and consideration of the authorities, I feel constrained to deny the motion to dismiss, for the reason that by maintaining its principal office in Spokane the defendant has voluntarily placed itself in a situation to be sued in the courts of the state of Washington, and must be deemed to have consented to be bound by the law which authorizes service of process in actions against it to be made upon its secretary. The secretary is a proper officer to receive notice for the corporation, and notice to him of the pendency of an action is sufficient to insure a fair opportunity for the corporation to appear and defend, and such a notice is sufficient to meet the constitutional requirement of due process of law.

" . . .

"The jurisdiction does not rest upon comity, but upon the positive provisions of law. Therefore the court has no discretionary power to refuse to take cognizance of the case. . . . "

While the code provisions referred to have been changed, there is no question that under existing statutes the defendant corporation in the present case can sue and be sued in the courts of this state. RCW 23.52.030.

■ We now deliberately align ourselves with the minority, not because of the two opinions we have just discussed, which do not really reach the issue of whether the superior court can or should refuse to exercise a conceded jurisdiction, but because after a careful review of the case authority and the numerous law review articles bearing upon the subject (see note 3 in addendum for a partial list of law review articles), we are not satisfied that the application of the doctrine does not create more problems than it solves.

We have not been greatly afflicted with plaintiffs shopping for a forum in which they can vex and harass a defendant and thus force him, or—more usually—it, into an exorbitant settlement because of the cost of presenting a defense. We are unwilling to adopt the very drastic remedy of dismissal for what, in this jurisdiction, is a very rare occurrence.

If we were confronted with a manifest abuse of process, we would not need to rely upon the doctrine of *forum non conveniens* to deal with the situation, and that also would be true if the relief sought offended against the public policy of this state. The plaintiffs here explained their selection of Washington as their forum by pointing out that the defendant cannot be served with process in the plaintiffs' home state of North Dakota, and refuses to voluntarily submit itself to process in that jurisdiction; and the plaintiffs' son, who lives in Clark county Washington, has represented them in their efforts to secure a settlement as one of their attorneys. We do not regard the residence of attorneys as having anything to do with the propriety of a forum, but the relationship existing in this case negates any imputation of bad faith or harassment.

From our research we are confident that the application of the doctrine, however desirable it may be to correct certain abuses, has replaced certainty, with reference to forum, with confusion and a variety of holdings on almost identical facts, because, as one court has said,

" . . . To attempt to resolve the niceties involved in balancing the relative conveniences and inconveniences of all of the parties to any degree of certainty, resort must be had to an apothecary's scale and a crystal ball; neither of which implements are available to this court. . . ." *United States v. E. I. Du Pont De Nemours & Co.* (1950), 87 F. Supp. 962, 965.

Experience seems to dictate that the occasional injustice to a railroad or other corporation, doing business in many states, occasioned by a plaintiff's abuse of his right to choose his forum, does not counterbalance the chaos and confusion resulting from the almost invariable exercise by such defendants of their right to move for dismissal on the basis of *forum non conveniens.* A flood of affidavits and counter-affidavits, answers to the counter-affidavits, and sometimes the taking of testimony, precedes the determination by the trial court of the motion. If it concludes that, because of the availability of a more convenient forum it should decline to exercise its jurisdiction, the action is dismissed. Then fol-

lows an appeal by the plaintiff, as in the present case, because the dismissal is obviously a final order or judgment and, hence, appealable. Rule on Appeal 14, 34A Wn. (2d) 20, RCW Vol. 0.

If the trial court concludes that it should exercise its jurisdiction and refuses to dismiss the action, the defendant has no immediate appeal, because the trial court's order, refusing to dismiss, is not an appealable order. Unless the defendant can devise some means of securing a review by certiorari, or other special writ, it will ordinarily avail little in the face of an adverse judgment to raise the issue—on an appeal after trial—that the trial court erred in refusing to grant its motion for dismissal. The answer would be, as in *Peterie v. Thompson* (1956), 10 Ill. App. (2d) 100, 134 N. E. (2d) 534, where, after stating that Illinois recognizes the doctrine of *forum non conveniens* and that it could have been appropriately applied in that particular case, the court said that because of reasons involving the statute of limitations "and for the reason that much time and expense have been already devoted to the case we do not reverse on this ground."

However, ways and means to secure a review other than by appeal seem to be available to defendants. In *St. Louis-San Francisco R. Co. v. Superior Court, Creek County* (1954), Okla. 276 P. (2d) 773, the railroad company sought a writ of prohibition in the supreme court of Oklahoma to keep the superior court of Creek county from hearing two cases filed against the company February 7, 1954, in each of which the superior court sustained a demurrer to a motion to dismiss on the grounds of inappropriate and inconvenient forum. The supreme court of Oklahoma, by its opinion, removed the doubt which the trial court had expressed as to the applicability of the doctrine of *forum non conveniens* in that state, and directed the superior court of Creek county to consider the motions to dismiss on their merits. The superior court, after considering the motions to dismiss, and exercising its discretion, denied them January 5, 1955 (eleven months delay to this point).

Again the railroad company came to the supreme court, this time asking for a writ of *mandamus* to compel the entry of an order of dismissal in the two cases. On April 12, 1955, the supreme court granted a writ, directing dismissal in one case, and denied a writ in the other, thus permitting the Creek county superior court to proceed with the trial in that case. A petition for rehearing was denied November 1, 1955. See *St. Louis-San Francisco R. Co. v. Superior Court, Creek County* (1955), Okla. 290 P. (2d) 118. Thus, twenty-one months after the filing of the cases, it was decided that one plaintiff had filed his case in a convenient forum and could now proceed to trial; and the other plaintiff had filed his case in an inconvenient forum, and his action was dismissed, leaving him to originate a new suit in an appropriate forum with, of course, the undesirable incidents of accumulated costs and the possibility that the statute of limitations may have run in that forum.

We can localize the matter of delays in the present case. The order of dismissal appealed from was entered July 15, 1958. The case could have been tried in the superior court of Clark county, albeit with some inconvenience from the defendant's point of view, in the eight and one-half months before this appeal was heard (March 30, 1959). After this opinion is filed (April 23, 1959), there will be an additional thirty days before the remittitur goes down and the opinion becomes final—and longer, if a petition for rehearing is filed.

We are not convinced that there is any significant number of cases being filed in this state where the convenience of the parties and the ends of justice require a trial in a more convenient forum; and, assuming that there are, we are not satisfied that the adoption of the doctrine of *forum non conveniens*, with its uncertainties, confusion and delays, is the answer to the problem; certainly, not unless the adoption is by statute or by rule with numerous standards and safeguards to assist trial courts in its application.

The judgment of dismissal is reversed, and the case reinstated on the calendar of the Clark county superior court.

WEAVER, C. J., DONWORTH, FOSTER, and HUNTER, JJ., concur.