No. 42,738

THOMAS GONZALES, Administrator of the Estate of Emilio Perez, Deceased, *Appellant,* v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, *Appellee.*

(371 P. 2d 193)

690

■■■■■■■■■■■■■■■■■■

Opinion filed May 5, 1962. ■■■■■

R. R. Barnes, of Wichita, argued the cause, David A. Gushurst, of LaJunta, Colorado, Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, Edmund R. Learned, James R. Barr and Frank W. Hylton, all of Wichita, were with him on the brief for the appellant.

W. E. Treadway, of Topeka, argued the cause, Charles W. Harris, of Wichita, C. J. Putt and J. B. Reeves, both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for wrongful death brought by the plaintiff administrator pursuant to the Federal Employers' Liability Act (45 U. S. C., § 51, et seq.) in the district court of Sedgwick County, Kansas, as authorized by G. S. 1949, 59-1707 and 59-1708.

The plaintiff's decedent, Emilio Perez, a resident of Otero County, Colorado, while in the course of his employment by the defendant railroad met his death as a result of an automobile collision occurring near Las Animas in Bent County, Colorado.

Service of process was obtained upon the defendant's freight agent residing in Sedgwick County, Kansas. Without otherwise pleading to the petition, the defendant, The Atchison, Topeka and Santa Fe Railway Company, promptly filed its verified motion to dismiss the action under the doctrine of forum non conveniens.

This motion was sustained by the trial court after hearing, and appeal has been duly perfected from this order.

The questions presented are whether the doctrine of *forum non conveniens* is recognized in Kansas, and if so whether it is applicable to the facts in this case.

In support of the appellee's motion to dismiss under the doctrine of *forum non conveniens* ten specific reasons based upon facts fully stated therein were set forth. The facts alleged in the motion were supported by affidavits. The trial court found in favor of the appellee upon all of the points enumerated. Its journal entry of dismissal reads in pertinent part:

"Thereafter, on the 20th day of July, 1961, the Court finds that all material witnesses to the accident as well as plaintiff in this action are residents of the State of Colorado; that there are no known witnesses residing in Sedgwick County, Kansas, or in the State of Kansas; that the known witnesses are not amenable to compulsory process by this Court; that the purported cause of action arose from a motor vehicle accident which is alleged to have occurred in Bent County, Colorado, and no part of the purported cause of action arose in Sedgwick County, Kansas, or in the State of Kansas; that the defendant is amenable to service of process in both the County of Bent, Colorado where the accident occurred and in the County of Otero, Colorado; that the courts of Colorado in each of those counties are available to plaintiff for prompt hearing and determination of the claim asserted; that the trial of this case, as well as the five companion cases impose a substantial burden of jury service upon this community when it has no substantial connection with the cause of action; that the petition invokes Colorado Statutes and law; that the trial of this and the other actions in the District Court of Sedgwick County, Kansas would add to the present congestion of its trial docket, delay the trial of cases properly triable in this Court, and constitute an unnecessary and undue burden and expense to the defendant; and that all the undisputed facts and circumstances of this case, and the five companion cases, present a proper case for the application of the doctrine of forum non conveniens.

"This Court, exercising its judicial discretion, determines that these actions should be dismissed without prejudice to the plaintiff's right to file same in the more convenient forum afforded in the State of Colorado. It is so ordered, adjudged and decreed."

The doctrine of *forum non conveniens* is of ancient common law origin and has been recognized and applied in the federal courts and in the courts of most of the states. It is based upon broad considerations of convenience, justice, public policy, and due regard for the rights of citizens. Simply stated the rule is that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. (*Gulf Oil Corp.*

*v. Gilbert,* [1947], 330 U. S. 501, 507, 91 L. Ed. 1055, 67 S. Ct. 839.)

In *Plum, Appellant v. Tampax, Inc.,* [1960], 399 Pa. 553, 160 A. 2d 549, the Pennsylvania Supreme Court said:

". . . It is well within the power of the court, in the interests of justice, to decline to exercise its jurisdiction where, upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in another forum. . . . Whether a suit should be dismissed under the doctrine of Forum Non Conveniens will depend largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused." (p. 560.)

The Illinois Supreme Court described the doctrine in *A. T. and S. F. Ry. Co. v. Clark,* [1957], 12 Ill. 2d 515, 147 N. E. 2d 89, in the following language:

"The doctrine of *forum non conveniens* has been described as an equitable doctrine whereby 'the trial court may, in its discretion, decline the jurisdiction of the case,' under certain circumstances, 'even though it may have proper jurisdiction over all parties and the subject matter involved.' . . . Therefore, a motion to dismiss based on *forum non conveniens* raises an issue which necessitates an exercise of discretion by the trial judge in ruling thereon. . . ." (p. 520.)

The United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* supra, elucidated upon the doctrine in the following language:

". . . In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.

"II.

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.

". . . But the problem is a very old one affecting the administration of the courts as well as the rights of litigants, and both in England and in this country the common law worked out techniques and criteria for dealing with it.

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*  *  *  *  *  *  *  *  *  *  *  *  *

"III.

*  *  *  *  *  *  *  *  *  *  *  *  *

". . . Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. . . . Such matters are for the District Court to decide in exercise of a sound discretion." (pp. 506 to 511, incl.)

The Oklahoma Supreme Court in an action under the Federal Employers' Liability Act against a foreign corporation determined that the courts of that state had the inherent power to dismiss an action under the doctrine of *forum non conveniens*, and having no statutory criteria to guide the court in exercising this power they adopted the view expressed by the Supreme Court of the United States in *Gulf Oil Corp. v. Gilbert*, supra. ( *St. Louis-San Francisco Ry. Co. v. Superior Court*, [Okla. 1954], 276 P. 2d 773.)

For other decisions of similar import see *Walsh v. Crescent Hill Co.*, [Mun. C. A., D. C. 1957], 134 A. 2d 653; *Forcum-Dean Co. v. Missouri Pacific Railroad Co.*, [Tex. C. C. A. 1960], 341 S. W. 2d 464;

and *Price v. Atchison, T. & S. F. Ry. Co.*, [1954], 42 C. 2d 577, 268 P. 2d 457, cert. den. 348 U. S. 839, 99 L. Ed. 661, 75 S. Ct. 44. (See also 29 Colum. L. Rev. 1, [1929], "The Doctrine of Forum Non Conveniens in Anglo-American Law;" and *Lansverk v. Studebaker-Packard Corp.*, [1959], 54 Wn. 2d 124, 338 P. 2d 747—rejecting the doctrine in the state of Washington.)

The American Law Institute, Restatement of the Law Second, Conflict of Laws (Tentative Draft No. 4, April 5, 1957), formulates the rule in the following language:

"§ 117e. Forum Non Conveniens.

"While the plaintiff ordinarily controls choice of the forum, a court does not exercise jurisdiction if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff."

In the comments under the foregoing section it is said whether a suit should be entertained or dismissed under the doctrine of *forum non conveniens* depends largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused.

The factors for the lower court to consider in making its determination are set forth in the comments to the foregoing section of the Restatement as follows:

"*c. Factors to be considered.* The two most important factors look to the court's retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

"The remaining factors can best be grouped under the two principal interests involved: those of the parties and those of the public. This has been done as follows by Mr. Justice Jackson in *Gulf Oil Corp. v. Gilbert*, 330 U. S. 501, 508 (1947):"

The appellant contends the doctrine of *forum non conveniens* is not applicable in the state of Kansas for the reason that neither the constitution nor the statutes of Kansas expressly refer to the doctrine, or affirmatively authorize a district court to decline to exercise jurisdiction in a case in which the district court otherwise has jurisdiction over the parties and the subject matter. The appellant further contends the doctrine is inapplicable to a resident defendant.

From the beginning of our history as a state (Territorial Laws 1855, ch. 96, Laws 1862, ch. 135, G. S. 1935, 77-109) the common law of England has been the basis of the law of this state, and except as modified by constitutional or statutory provisions, by judicial decisions, or by the wants and needs of the people, it has continued to remain the law of this state. (*State, ex rel., v. Board of Agriculture,* 158 Kan. 603, 605, 149 P. 2d 604; *Fergus v. Tomlinson,* 126 Kan. 427, 268 Pac. 849; and *In re Frye,* 173 Kan. 392, 396, 246 P. 2d 313.)

Apparently the only Kansas decision approaching the subject of the doctrine of *forum non conveniens* is *State of Oklahoma, ex rel., v. H. D. Lee Co.,* 174 Kan. 114, 254 P. 2d 291. There the defendant moved to dismiss a case in which the parties had entered into a stipulation of facts for submission upon the issues joined by the pleadings. In the opinion it was said:

"Defendant also argues that under the doctrine of *'forum non conveniens,'* meaning 'a forum not convenient,' and said to be a rule of convenience and expediency rather than one of jurisdiction (37 C. J. S., Forum, Note 94 (10), p. 133), plaintiff should not be permitted to bring this action in Kansas. A short answer to this contention is that the record utterly fails to establish that defendant has in any way been 'inconvenienced' by being forced to defend the action in this state. Furthermore, defendant is a Kansas corporation and according to its charter Topeka is designated as the situs of its principal place of business. There is no showing that the lower court abused its judicial discretion in accepting jurisdiction of the case. For a discussion of the doctrine see 14 Am. Jur., Courts, § 230, p. 424, and annotation at 87 A. L. R. 1425.)" (p. 118.)

Certainly the foregoing decision recognized the inherent power of the trial court to dismiss a transitory cause of action pursuant to the doctrine of *forum non conveniens* where facts and circumstances call for its application. We hold the doctrine is a part of the common law of the state of Kansas.

The appellant argues that the domicile of the appellee, in this instance a Kansas corporation, rather than the domicile of the appellant and the place of the accident, should be the determinative factor, and suggests that where a corporation is sued in the state of its incorporation the case cannot be dismissed, citing *Lansverk v. Studebaker-Packard Corp.,* supra. For the divergent rules of the various states in transitory causes of action under the doctrine, where one or both parties are residents, and where both parties are non-residents, see 48 A. L. R. 2d 808; and 48 A. L. R. 2d 850.

The argument advanced by the appellant was considered by the Supreme Court of the United States in *Koster v. Lumbermens Mutual Co.*, [1947], 330 U. S. 518, 91 L. Ed. 1067, 67 S. Ct. 828, where it said:

"While, even in the ordinary action, the residence of the suitor will not fix the proper forum without reference to other considerations, it is a fact of 'high significance.'   .   .

".   .   . But the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice. Under modern conditions corporations often obtain their charters from states where they no more than maintain an agent to comply with local requirements, while every other activity is conducted far from the chartering state. Place of corporate domicile in such circumstances might be entitled to little consideration under the doctrine of *forum non conveniens,* which resists formalization and looks to the realities that make for doing justice." (pp. 525, 527, 528.)

Cases in which an action was dismissed under the doctrine of *forum non conveniens* against a resident corporation are *Winsor v. United Air Lines, Inc.* [Del. 1958], 154 A. 2d 561; *Vargas v. A. H. Bull Steamship Co.* [1957], 44 N. J. Super. 536, 131 A. 2d 39; and *Gore v. United States Steel Corp.* [1954], 15 N. J. 301, 104 A. 2d 670. The *Gore* case is an exceptionally well written opinion on the doctrine.

We have heretofore determined that the courts of this state have the inherent power to dismiss a transitory cause of action under the doctrine of *forum non conveniens.* This is a discretionary power which should be exercised only in exceptional circumstances and when an adequate showing has been made that the interests of justice require a trial in a more convenient forum. There are no statutory criteria in this state to guide the court in the exercise of this power, and we therefore adopt the view of the Supreme Court of the United States as expressed in *Gulf Oil Corp. v. Gilbert,* supra. The place of corporate domicile, even though domestic as in the instant case, is a factor entitled to consideration but does not preclude dismissal of a transitory cause of action under the doctrine of *forum non conveniens,* which resists formalization and looks to the realities that make for doing justice. (*Koster v. Lumbermens Mutual Co.,* supra.) We approve the American Law Institute view, as heretofore quoted from the Restatement on Conflict of Laws, to the effect that an action should not be dismissed in any event under the doctrine unless an alternative forum is available to the plaintiff.

It is now settled that the Federal Employers' Liability Act, 45

U. S. C., § 51, *et seq.*, by conferring concurrent jurisdiction on federal courts and state courts, does not impose a duty upon a state court to exercise jurisdiction of a cause of action arising under the act merely because the court properly has acquired jurisdiction over the defendant and the subject matter. State courts are free to adopt the doctrine of *forum non conveniens* and apply it to such transitory causes of action in accordance with state law. (*Southern R. Co. v Mayfield* [1950], 340 U. S. 1, 95 L. Ed. 3, 71 S. Ct. 1; and see *Johnson v. Chicago, Burlington & Quincy Railroad Co.* [1954], 243 Minn. 58, 66 N. W. 2d 763; *Maynard v. Chicago & North Western Railway Co.* [1956], 247 Minn. 228, 77 N. W. 2d 183; and *A. T. and S. F. Ry. Co. v. Clark*, supra.)

In conclusion we hold the trial court properly applied the suggested criteria of the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, supra. It specifically found that a proper case was presented for application of the doctrine of *forum non conveniens*— that a more convenient forum was afforded in the state of Colorado. Under all of the facts and circumstances presented by the record herein the trial court did not abuse the exercise of its power of discretion in dismissing the action without prejudice.

The judgment is affirmed.