410 P.2d 959

**Castulo R. TORRES and Foundation Reserve Insurance Company, Inc., Plaintiffs-Appellants,**

**v.**

**Jimmie Wayne GAMBLE, Defendant-Appellee.**

**No. 7814.**

Supreme Court of New Mexico.

Feb. 7, 1966.

Leslie D. Ringer, Santa Fe, for appellants.

Girand, Cowan & Reese, Hobbs, for appellee.

MOISE, Justice.

This appeal arises out of an automobile collision which occurred in Chaves County and involved cars driven by plaintiff Torres and defendant Gamble, both of whom are residents of Chaves County.

The complaint discloses that plaintiff, Foundation Reserve Insurance Company, Inc., is domiciled in San Miguel County

and had insured plaintiff Torres against loss by accident over and above a deductible amount, and had made payment to Torres following the accident thereby becoming subrogated, and assigned pro tanto Torres' right of action against Gamble.

Action was commenced in San Miguel County, and Gamble moved to dismiss because of lack of venue in that county. His motion was sustained by the court and the action dismissed on the stated grounds that (1) both Torres and Gamble were residents of Chaves County and the accident happened in that county; (2) that the insurance company's rights were as subrogee of Torres, and derivative and accordingly no greater than his; (3) that the doctrine of "forum conveniens" was applicable, and Chaves County was the forum conveniens; and (4) the venue lay solely in Chaves County. This appeal seeks review of the court's action.

Involved is our venue statute, § 21–5–1, N.M.S.A.1953, the pertinent portion of which reads as follows:

"All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

A. First. * * *, all transitory actions shall be brought in the county where either the plaintiff or defendant or some one of them, in case there be more than one (1) of either, resides; * * *."

It is the position of the plaintiffs that the insurance company is a proper party, subrogated to certain of the rights of its insured, and accordingly under the plain language of the statute quoted above, San Miguel County was a proper county in which to bring the action.

Since our decision in Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045, there can be no question that in this jurisdiction an insurer that has paid its insured for a loss, in whole or in part, is a necessary and indispensable party to an action to recover the amounts paid from a third party allegedly responsible therefor. This being true, we find ourselves unable to follow defendant Gamble's argument. Compare, Teaver v. Miller, 53 N.M. 345, 208 P.2d 156.

The statute quoted above is to our minds clear and unambiguous. It says that when there are two plaintiffs in a law suit the action may be brought in the county in which either of them resides. We perceive of no room for interpretation where they were both necessary and indispensable. As stated in George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285:

"In interpreting a statute the intent is to be first sought in the meaning of

**744**

the words used, and when they are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the legislature, no other means of interpretation should be resorted to. * * *"

■ Notwithstanding the above rule, which we hold to be applicable here, Gamble would have us determine that since Torres had no right to sue in San Miguel County absent the interest of the insurance company, the insurance company had no greater or different right. We are clear that Gamble misconceives the problem. This is not a question of the exercise of a greater right than Torres had. Venue is a matter of procedure and substantive rights are not involved therein. State ex rel. Helmes v. District Court of Ramsey County, 206 Minn. 357, 298 N.W. 875; Hadlich v. American Mail Line (N.D.Cal., 1949) 82 F.Supp. 562. There is no question here of a subrogee asserting different or greater rights than the original creditor.

■ Neither is there presented any question of forum non conveniens. We are fully aware that the doctrine is one which is embraced and applied by an increasing number of courts where efforts are made to sue foreign corporations within a state other than the state where the action arose and where the parties or witnesses are present. See Gulf Oil Corp. v. Gilbert

[1947], 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Gonzales v. Atchison, Topeka and Santa Fe Railway Co., 189 Kan. 689, 371 P.2d 193; People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan, 30 Ill.2d 178, 195 N.E.2d 634, and Leflar, Conflict of Laws, § 52, p. 87. But cf. Lansverk v. Studebaker-Packard Corporation, 54 Wash.2d 124, 338 P.2d 747. We do not consider how we would rule in such a circumstance. In the instant case all the parties are residents of the state of New Mexico and plaintiff Foundation Reserve Insurance Company is a domiciliary of the county where the action was commenced. Accordingly we find no such "weighty reasons" as might prompt us to declare that the plaintiffs' right to choose the forum should be disturbed. Gulf Oil Corp. v. Gilbert, supra; see Tentative Draft No. 4 (1957) Restatement of the Law, Second, Conflict of Laws, § 117E(c). Our attention has not been directed to any court where under such facts the doctrine has been applied, and we do not consider that it should be. See Hicks v. Wolfe, 228 Ark. 406, 307 S.W.2d 784.

If, as suggested by Gamble in his argument, an application of the statute which permits an insurer to bring suit where it resides as opposed to where all other parties and the witnesses are present, was never contemplated by the legislature, and

411 P.2d 226

to apply it literally will result in strange and undesirable consequences. The answer is present in what was said in 1913 by Justice Parker in State ex rel. Parsons Min. Co. v. McClure, 17 N.M. 694, 702, 133 P. 1063, 1065, 47 L.R.A.,N.S., 744, Ann. Cas.1915B 1110:

"We have hesitated to adopt this conclusion by reason of a practical question involved. Under this holding a corporation having a domicile in one corner of the state may be sued by a creditor residing in the extreme opposite corner of the state, and thus be subject to great costs and inconvenience. But, no matter what the consequences may be, we cannot see our way clear to adopt any other doctrine. The remedy, if any is needed, lies with the legislative and not with the judicial department."

The legislature has not seen fit to act, and the application of the law must be as hereinabove announced.

The judgment appealed from is reversed, and the cause remanded with instructions to reinstate the cause on the docket and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.