**GULF OIL COMPANY and Charles Simpson, Petitioners,**

v.

**The Honorable Charles WOODSON, District Judge of Creek County, State of Oklahoma, and Carolyn Sue Martin, a minor, by and through her mother and next friend, Mrs. Don Martin, Respondents.**

**No. 45900.**

Supreme Court of Oklahoma.

Dec. 26, 1972.

Jones, Givens, Brett, Gotcher & Doyle, by Thomas R. Brett, and Phillips Breckinridge, Tulsa, for petitioners Gulf Oil Co., and Charles Simpson.

Charles Daniels, Drumright, and Hunt & Thomas by Jake Hunt, Oklahoma City, for respondents, District Judge, and others.

George B. Fraser, Norman, Best, Sharp, Thomas & Glass by Joseph A. Sharp, Tulsa, Sellers & Sellers, Sapulpa, amicus curiae.

Elliott C. Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, amicus curiae, for Okl. Assn. of defense counsel.

Franklin, Harmon & Satterfield, Inc., by Harvey L. Harmon, Oklahoma City, amicus curiae, for St. Louis-San Francisco R. Co.

JACKSON, Justice.

This is an original action wherein we are requested by Gulf Oil Company and Charles Simpson to assume original jurisdiction and prohibit the Honorable Charles Woodson, District Judge in Creek County from exercising jurisdiction in a damage suit upon the ground that Creek County does not have venue. They also ask for a writ of mandamus as hereinafter discussed. Jurisdiction assumed but writs denied.

The facts are that Carolyn Sue Martin, a minor, was injured in Noble County, Oklahoma, in 1960 by Charles Simpson, an employee of Gulf Oil Company. At the time she sustained her injuries she was a resident of either Noble or Kay County and Simpson was a resident of Kay County, Oklahoma. Gulf Oil Company was a foreign corporation authorized to do business in Oklahoma. At the time Carolyn Sue Martin (plaintiff) filed her action in Creek County she was a resident of Noble or Kay County and Simpson was a resident of Kay County.

Summons was served on (defendant) Simpson in Kay County and upon Gulf by serving its registered service agent in Oklahoma City. The only connection that Creek County has to this action is that Gulf Oil Company owns property there. Defendants, Simpson and Gulf, filed objections to venue in Creek County and when their objections were overruled they filed their petition in this court. For clarity we will refer to the plaintiff and defendants as they appear in the trial court.

The plaintiff, Carolyn Sue Martin, contends that Creek County has venue because defendant Gulf Oil Company owns property there and 12 O.S.1971, § 137 provides that a foreign corporation may be sued in any county where it owns property. Venue in Creek County as to co-defendant Simpson is asserted under the provisions of 12 O.S.1971, § 154, which provides where an action is rightly brought in a county against one defendant summons may issue to co-defendants in other counties.

Defendants, Gulf and Simpson, contend that 12 O.S.1971, § 187, as amended in 1967, is a special venue statute and is in conflict with Section 137. They point to Section 187 which contains a provision that where one defendant is a resident of this State, the action must be brought in the county, where the resident defendant lives.

It is our view that when Section 187 is considered as a whole it reflects an intention on the part of the Legislature to write a "long arm statute" and to provide venue for those actions brought under Section 187. That section provides in pertinent part:

"§ 187. In personam jurisdiction over certain nonresidents—Service of process—Venue.

(a) Any * * * corporation * * * whether or not * * * a * * * resident of this State and who does, or who has done, any of the acts hereinafter enumerated, * * * shall have submitted himself * * * to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this *State;*

(2) the commission of any act within this *State;*

(3) the manufacture or distribution of a product which is sold in the regular

course of business within this *State* and is used within this *State;*

(4) contracting to insure any person, property, or risk located within this *State* at the time of contracting.

(b) * * * (Provisions for service of process. Omitted 1972)

(c) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

(d) In addition to the other counties in which an action may be brought against a nonresident of this State, an action which is brought under this section where all defendants are nonresidents of the *State* may be brought in the county where the cause of action arose or in the county where the plaintiff or one of the plaintiffs resides. *If one or more of the defendants is a resident of this State, the action shall be brought in any county where venue would be proper as to the resident defendant or one of the resident defendants if there are several."* (emphasis supplied).

Defendants, Gulf and Simpson, rely on the emphasized portion of subsection (d), supra, as supporting their position. It seems to us that the emphasized portion must be read in context with the other portions of Section 187. When this is done it is apparent that the Legislature was primarily concerned with in personam jurisdiction over non-resident defendants.

■ The first sentence of subsection (d), supra, provides for venue, in addition to other statutory venue provisions, where the action "is brought under this section." When the emphasized sentence is read in context with the first sentence there is an inference that it is only in those cases where an action is brought under Section 187 that the action shall be brought where venue would be proper as to the resident defendant. In the instant case it is clear that plaintiff did not intend to bring her action under the provisions of Section 187.

Under previously enacted statutes Oklahoma had in personam jurisdiction over Gulf as a domesticated corporation doing business in Oklahoma, and under a previously enacted statute Sec. 137, supra, venue was properly laid in Creek County where Gulf owned property.

Section 187 was originally enacted in 1963 and amended in 1965 and 1967, and again in 1972. Neither the original enactment nor the amendments in 1965 and 1967 provide for the repeal of any previously enacted statutes. The amendment in 1972, became effective October 1, 1972 after the instant action was filed, and while not applicable to the instant case, it repealed several sections of the statutes other than Sections 137 and 154 (See Ch. 208 S.L. 1972, Sec. 12) but in Section 11 it is specifically provided that:

"Except as otherwise provided herein, this act does not repeal or modify any law of this state, and the methods of service provided herein are cumulative to other methods authorized by statute."

■ Repeals by implication are not favored and an earlier statute will not be repealed by a later statute unless there is a conflict between the two which is irreconcilable. State v. Taylor, 68 Okl. 38, 171 P. 452.

■ Defendants' petition for writ of mandamus seeks an order requiring the trial court to allow them to take discovery depositions of plaintiff's doctors over plaintiff's objections. Defendants recognize that Avery v. Nelson, Okl., 455 P.2d 75, is in point and adverse to their position. They believe, however, that the later case of Robinson v. Lane, Okl., 480 P.2d 620, has modified the Avery case to permit the relief requested. We are unable to agree. *Robinson* applies only to a waiver of the physician-patient privilege when a litigant voluntarily testifies concerning a particular ailment and its treatment. Neither plaintiff nor her parents have voluntarily testified in this case.

**488**

Section 385, 12 O.S.1971, provides:

"The following persons shall be incompetent to testify:

\* \* \* \* \* \*

"6. A physician or surgeon concerning any communication made to him by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by a personal examination of any such patient: Provided, that if a person offer himself as a witness, that is to be deemed a consent to the examination \* \* \*."

As long as this statute remains unchanged we are of the view we should follow our decision in Avery v. Nelson, supra.

Venue questions in transitory tort actions are recurring in Oklahoma and continue to present troublesome and vexing questions. Too much time has been required in the resolution of these questions which should have been available for the disposition of cases on their merits. More important is the fact that where a case is tried in a county selected by the plaintiff, other than the residence of the defendant or place of the accident, the defendants may be deprived of compulsory process for the attendance of unwilling witnesses and subjected to additional costs for obtaining willing witnesses. This is especially true where medical witnesses are required. It is helpful to jurors in evaluating testimony if they can see the witnesses and observe their demeanor on the witness stand. In some cases a view of the premises is desirable. The instant case and many others which are cited in West's Oklahoma Digest and Pocket Part, "Venue", and "Prohibition", and other cases disposed of without formal opinions clearly demonstrate the imperative necessity for this court to immediately determine whether the rule of "forum non conveniens" may be applied to intrastate transitory tort actions. While the answer to the question is not essential in the disposition of this case we have con-

cluded that it may be helpful to the bench and bar if we dispose of the question without further delay. Accordingly, and at our request, excellent briefs directed to the question have been filed.

Our Code of Civil Procedure was adopted in the Territory of Oklahoma in 1893 from the State of Kansas. It included provisions for venue and jurisdiction, Revised Laws of Oklahoma 1910, §§ 4641–5350. We have held that the Code was enacted for the purpose of simplifying pleading and practice, State ex rel. Westerheide v. Shilling, 190 Okl. 305, 123 P.2d 674. It has been said that the venue statutes, together with decisions of this court, have resulted in confusion, "Venue Oklahoma Style" by George B. Fraser, 23 O.L.R. 182.

In enacting the Code of Civil Procedure the Legislature specifically provided in Section 2 thereof, now 12 O.S.1971, § 2, that the common law as modified by constitutional and statutory law, judicial decisions and the conditions and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma.

 Under the common law a court could refuse to exercise its jurisdiction where the case could be more appropriately and justly tried at another location, Holmes v. Wainright, 3 East 329, 102 Eng.Rep. 624 (K.B. 1803). We have a few specific venue statutes. However, we have found nothing in our Constitution and Statutes which deprives our courts of that privilege where the action is transitory and there is a plurality of counties which have venue. We have applied the rule of "forum non conveniens" in interstate cases imported into Oklahoma, St. Louis-San Francisco Ry. Co. v. Superior Court (1954), Okl., 276 P.2d 773, and have permitted its application in one intrastate case, Pitts v. Cockrell (1967), 38 Okl.B.A.J. 505 (not precedent because not officially reported in Pacific Reporter).

The Supreme Court of Kansas has applied the rule of "forum non conveniens"

in an interstate case, Gonzales v. Atchison Topeka and Santa Fe Railway Co. (1962), 189 Kan. 689, 371 P.2d 193. In discussing the common law in connection with the doctrine of "forum non conveniens" that court said: (pp. 198, 199)

"The appellant contends the doctrine of forum non conveniens is not applicable in the state of Kansas for the reason that neither the constitution nor the statutes of Kansas expressly refer to the doctrine, or affirmatively authorize a district court to decline to exercise jurisdiction in a case in which the district court otherwise has jurisdiction over the parties and the subject matter. The appellant further contends the doctrine is inapplicable to a resident defendant.

"From the beginning of our history as a state (Territorial Laws 1855, ch. 96, Laws 1862, ch. 135, G.S.1935, 77–109) the common law of England has been the basis of the law of this state, and except as modified by constitutional or statutory provisions, by judicial decisions, or by the wants and needs of the people, it has continued to remain the law of this state."

* * * "We hold the doctrine (of forum non conveniens) is a part of the common law of the state of Kansas."

In order to assist those who may be interested in pursuing the question further we include the following citations from the briefs filed herein. St. Louis-San Francisco Ry. Co. v. Superior Court, Okl., 290 P. 2d 118; M. K. & T. R. R. Co. v. District Court, Okl., 294 P.2d 579; Atchison, Topeka & S. F. Ry. Co. v. District Court, Okl., 298 P.2d 427; Pruitt Tool & Supply Co. v. Windham, Okl., 379 P.2d 849; Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Anderson v. D. L. & W. R. Co., 18 N.J.Misc. 153, 11 A.2d 607; Hicks v. Wolfe, 228 Ark. 406, 307 S.W.2d 784; Torres v. Gamble, 75 N.M. 741, 410 P.2d 959; Loftus v. Lee, Mo., 308 S.W.2d 654; Lansverk v. Studebaker-Packard Corporation, 54 Wash.2d 124, 338 P.2d 747; Anderson v. Johnson, 1 Utah 2d 400, 268 P.2d 427; Apex Hosiery Co. v. Philadelphia County, 331 Pa. 177, 200 A. 598; 20 Am.Jur.2d Courts, §§ 172–182; Venue Oklahoma Style by George B. Fraser, 23 O.L.R. 182; Blue, Place of Trial of Civil Cases, 48 Mich.L.Rev. 1; The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col. Law Review 1; Place of Trial-Interstate Application of Intrastate Methods of Adjustment, 44 Harvard Law Review 41; The Inappropriate Forum, 29 Illinois Law Review 867; The Doctrine of Forum Non Conveniens, 34 Virginia Law Review 811; The Doctrine of Forum Non Conveniens, 35 Calif.Law Review 380; Jurisdiction and the Exercise of Discretion by the Court—Forum Non Conveniens, 49 Canadian Bar Review 466; Forum Non Conveniens in Washington,— A Dead Issue?, 35 Washington Law Review 88; Forum Non Conveniens in Missouri—History and Appraisal, 36 Missouri Law Review 105; Gore v. U. S. Steel Corp., 15 N.J. 301, 104 A.2d 670, 48′ A.L. R.2d 841; Plum v. Taxpax, 402 Pa. 616, 168 A.2d 315, 90 A.L.R.2d 1105; and Mooney v. Denver & R.G.W.R. Co., 118 Utah 307, 221 P.2d 628.

We have held that the right of a defendant to be sued where he lives is a valuable right and should not be lightly denied, First Nat. Bank v. Henshaw, 169 Okl. 49, 35 P.2d 898, and that ordinarily an individual defendant has a right to be sued in the county of his residence, Hiner v. Hugh Breeding, Inc., Okl., 355 P.2d 549. We have already pointed out the advantages of trying a transitory action where it arises. These two considerations should be given weight in determining whether an intrastate transitory action should be transferred from one county having venue to another having venue.

Since the Legislature has provided that the common law shall remain in force in aid of the general statutes of Oklahoma and we have concluded that "forum non conveniens" may under the common law be

applied in a proper case it will be helpful if we lay down some guide lines to accomplish that purpose. There is no statute governing the subject.

 12 O.S.1971, § 140, authorizes a change of venue in civil cases where a fair trial cannot be had in the county where the suit is pending but does not specify the procedure for changing venue. We have held, however that the question of the court's jurisdiction over a defendant must be presented at the earliest stage in the proceeding. Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1. The application for change of venue must state facts on which it is based, and not conclusions. Horton v. Haines, 23 Okl. 878, 102 P. 121. Affidavits and counter affidavits may be accepted to prove the facts, Richardson v. Augustine, 5 Okl. 667, 49 P. 930, but the trial court should be encouraged to hear oral testimony. The court to which a case is transferred does not acquire jurisdiction until the papers and records are received, Simpkins v. Parsons, 50 Okl. 786, 151 P. 588, but thereafter has jurisdiction for all purposes. Hollins v. State, 56 Okl.Cr. 275, 38 P.2d 36.

 A petition or motion for applying the rule of forum non conveniens is addressed to the broad equity powers of the trial court. Where a petition for writ of prohibition or mandamus is filed in this court challenging the action of the trial court this court will not grant relief unless there are sound reasons for so doing. Where relief is sought in this court the aggrieved party must immediately file his petition in this court in order to avoid unnecessary delay. The record and briefs should accompany the petition as in other original actions.

The application for writs of prohibition and mandamus are denied.

BERRY, C. J., DAWSON, V. C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER and SIMMS, JJ., concur.

BARNES, J., dissents.