NOT DESIGNATED FOR PUBLICATION

No. 116,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MOOSEY INC., an OKLAHOMA CORPORATION,
*Appellant*,

v.

MOHAMMAD A. LONE, an INDIVIDUAL;
and MOHAMMAD A. LONE, DBA LONE'S JACKSONVILLE, INC.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Opinion filed December 9, 2016. Affirmed.

*Bryan W. Smith*, Smith Law Firm, of Topeka, for appellant.

*Zackery E. Reynolds*, The Reynolds Law Firm, P.A., of Fort Scott, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

*Per Curiam*:  In 2012, Moosey, Inc., entered into contracts to sell three convenience stores to Mohammad Lone and Lone's Jacksonville, Inc. (collectively, "Lone"). After material terms of the contracts were allegedly breached, Lone filed suit in Oklahoma, then Moosey filed suit in Kansas. Lone then moved to dismiss the Kansas suit pursuant to the doctrine of forum non conveniens. Moosey appeals from the district court's grant of that motion. Finding no abuse of discretion, we affirm.

1

*Factual and procedural background*

None of the parties resides in Kansas. The contract, entered into at Moosey's place of business in Creek County, Oklahoma, contained a provision reserving the right for Moosey to file suit on the contracts in Creek County, Oklahoma. Although the properties are located in Kansas, none of the parties currently owns them.

Lone was the first to file suit for the breaches of the contracts. Lone sued Moosey in Creek County, Oklahoma, in December 2014. Lone named two additional defendants, making different claims against them. Moosey entered a special appearance to file a motion to dismiss on grounds of forum non conveniens, asserting that the case should be litigated in Kansas.

However, before that motion was decided, and about 6 months after Lone's suit was filed in Oklahoma, Moosey filed suit against Lone in Bourbon County, Kansas, in June 2015. Several months later, the Oklahoma district court denied Moosey's motion to dismiss and retained that case. Three weeks thereafter, Moosey filed its answer and counterclaims to Lone's case in Oklahoma. Moosey's counterclaims were substantially the same or identical to Moosey's claims in its Kansas lawsuit.

Lone then filed a motion to dismiss the Kansas lawsuit based on the doctrine of forum non conveniens. The district court granted the motion, dismissing Moosey's case without prejudice. Moosey then filed a combined motion for new trial, to alter or amend judgment, and for relief from judgment, which the district court denied. Moosey timely appeals the dismissal of its Kansas case and the denial of its combined motion for postjudgment relief.

*Did the district court abuse its discretion in granting Lone's motion to dismiss?*

*Standard of Review*

A dismissal for forum non conveniens presupposes an alternate forum and thus, unlike a motion to dismiss for failure to state a claim, does not leave the plaintiff unable to pursue its claims. Accordingly, we review the district court's decision for an abuse of discretion. See *Gonzales, Administrator v. Atchison, T. & S. F. Rly. Co.*, 189 Kan. 689, 694, 371 P.2d 193 (1962); see also *Gulf Oil Corp. v. Gilbe*rt, 330 U.S. 501, 512, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). Moosey thus bears the burden to show that the court's rulings were (1) arbitrary, fanciful, or unreasonable, *i.e.*, that no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

*Analysis*

Dismissal on forum non conveniens grounds is a discretionary power which should be exercised only in exceptional circumstances. *Gonzales*, 189 Kan. at 696. The moving party must make an adequate showing that the interests of justice require a trial in a more convenient forum. *Gonzalez*, 189 Kan. at 696.

In evaluating forum non conveniens motions, Kansas courts apply the factors set out by the United States Supreme Court in *Gulf Oil*:

> "Important considerations are the relative ease of access to sources of proof; availability
> of compulsory process for attendance of unwilling, and the cost of obtaining attendance
> of willing, witnesses; possibility of view of premises, if view would be appropriate to the
> action; and all other practical problems that make trial of a case easy, expeditious and

3

inexpensive. . . . But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.*, 330 U.S. at 508.

See *Gonzales*, 189 Kan. at 696.

The district court held a hearing on Lone's motion, then issued a written order in which it made detailed findings of fact. After noting the *Gulf Oil* factors present in this case, it made the following findings:  1) none of the parties is a Kansas resident; 2) all the contracts at issue were entered into at Moosey's place of business in Creek County, Oklahoma; 3) the contracts contained a clause providing "Seller [Moosey, Inc.] shall have the right to enforce this provision in a court of law in Creek County, Oklahoma"; 4) Lone sued in Oklahoma 6 months before Moosey filed its case in Kansas; 5) the allegations and remedies requested by both parties in both cases are similar if not identical; 6) Kansas courts would apply the laws of Oklahoma to the contracts in dispute because of the doctrine of *lex loci contractus*, and an Oklahoma judge would be better suited than a Kansas judge to do so; 7) Lone had submitted himself to personal jurisdiction in Oklahoma; 8) and the Oklahoma court had denied Moosey's motion to dismiss based on forum non conveniens, thus that forum was still available. The district court concluded that its exercise of jurisdiction would be seriously inappropriate and "the interests of justice require a trial in a more convenient forum."

Moosey contends that the *Gulf Oil* factors weigh heavily in favor of Kansas being a proper forum for this action. But in support of that assertion, Moosey claims only that two of the properties that are the subject of this dispute are located in Kansas and that material witnesses reside in Kansas. Moosey fails to show the relevance of the properties being located in Kansas, as the breach of contract suit would not appear to require an inspection of the premises by the factfinder. And Moosey does not show that relevant witnesses cannot be compelled to testify in Oklahoma. Moosey also mentions its lack of

4

an improper motive, but the district court's order did not attribute any ill motive to Moosey.

Moosey next argues that Oklahoma is not an adequate forum because Lone's case there sued two other parties on properties and contracts that are not part of Moosey's Kansas claims. But the district court correctly found that the allegations and the relief Moosey sought in its Oklahoma counterclaims are similar or identical to the issues and relief Moosey seeks in its Kansas claims. And the existence of additional, unrelated claims and parties in the Oklahoma case does not impact Moosey's ability to have its claims against Lone fairly adjudicated in Oklahoma. That the contracts expressly stated Moosey's preference for the Oklahoma forum makes it difficult for Moosey to show an abuse of discretion in the district court's finding that Oklahoma provides a more convenient forum than does Kansas in which to settle disputes arising from these contracts. We find no abuse of discretion in the district court's determination that Oklahoma provided Moosey an adequate alternate forum in which to pursue its claims.

Finally, the district court found that the exercise of jurisdiction in Kansas would be "seriously inappropriate" and that "the interests of justice require a trial in a more convenient forum." This conclusion reflects the doctrine of concurrent jurisdiction:

> "It has long been the rule in Kansas that the court of competent jurisdiction which first acquires jurisdiction retains it to the exclusion of any other court of concurrent jurisdiction. A court of coordinate jurisdiction should not interfere with pending proceedings underway in a sister court. The rule is applicable not only between courts within the same state, but also between . . . state courts of different states. [Citations omitted.]" *HR Technology, Inc. v. Imura Int'l U.S.A., Inc.*, 48 Kan. App. 2d 228, 234, 291 P.3d 484 (2012).

Oklahoma not only acquired jurisdiction before the Kansas court, but also chose to retain that jurisdiction after considering and rejecting Moosey's claim that Kansas would be the more convenient forum.

Finding no abuse of the district court's discretion, we affirm the district court's grant of Lone's motion to dismiss Moosey's case.

*Did the district court err in denying Moosey's motion for postjudgment relief?*

The district court's denial of Moosey's combined motion for new trial, to alter or amend judgment, and for relief from judgment, is also governed by an abuse of discretion standard. *Mitchell v. City of Wichita*, 270 Kan. 56, 66-67, 12 P.3d 402 (2000). Moosey's motion for postjudgment relief largely raised the same arguments that we have considered and resolved against him above. On appeal, Moosey claims that since he was the plaintiff and the plaintiff's choice of a forum generally prevails, the district court erroneously shifted the burden of proof to him. But Moosey ignores that Lone was also the plaintiff, and was the first to file. We find no support for Moosey's claim that the district court improperly shifted any burden to him.

Accordingly, we find that the district court did not err in denying Moosey's combined motion for new trial, to alter or amend judgment, and for relief from judgment.

Affirmed.